## COMMONWEALTH *vs.* GEORGE H. MOULTON & another.

An indictment on the Gen. Sts. *c.* 160, § 28, for verbally threatening to accuse another of a crime with intent thereby to extort money, is not defective for omitting to specify the words of the threat, if it sets forth their substance.

An indictment on the Gen. Sts. *c.* 160, § 28, for threatening to accuse another of a crime "with a view and with the intent to extort money" from him, sufficiently avers that the intent was to extort money by the threat.

INDICTMENT on the Gen. Sts. *c.* 160, § 28, averring that George H. Moulton and Margaret Moulton on February 23, 1871, at Georgetown, "maliciously and verbally did threaten one Hosea C. Killam to accuse said Killam of having committed the crime of adultery with Antoinette M. Hazen, wife of Nathan T. Ha-

zen, with a view and with the intent to extort money from the said Killam."

Before the jury were empanelled in the superior court, the defendants moved to quash the indictment, because it did not set forth the language of the threats, and because it did not aver that the defendants intended " thereby," that is to say, by said threats, then and there to extort money from Killam ; and *Rockwell*, J., overruled the motion. On the trial Margaret Moulton was acquitted, and George H. Moulton was found guilty. After the verdict, George H. Moulton moved to arrest judgment on the same grounds which were specified in the motion to quash, which motion also was overruled, and he alleged exceptions.

*S. B. Ives, Jr., (H. G. Johnson* with him,) for George H. Moulton.

*C. Allen,* Attorney General, for the Commonwealth.

COLT, J. 1. This indictment is for attempting to extort money by the threat of a criminal accusation. Gen. Sts. *c.* 160, § 28. It was moved to quash it, because the language in which the alleged verbal threat was made is not set forth. But it is charged that the threatened accusation was, of having committed the crime of adultery with a certain person whose name is given. This is sufficient. The precise words of the threat need not be set out. It is enough if the substance is stated. If the indictment attempted to give the words used, yet it would only be necessary to prove the allegation substantially. The gist of the offence is the intent to extort money by a malicious threat to accuse of some crime. The words used do not constitute the offence, without the accompanying intent to extort. And the case does not fall within those where the words themselves are alone the gist of the offence, as in indictments for scandalous or contemptuous words spoken to a magistrate, for seditious or blasphemous words, or for libel. In such cases, the words must indeed be set forth with particularity. *Commonwealth* v. *Kneeland,* 20 Pick. 206. *Commonwealth* v. *Wright,* 1 Cush. 46. *Commonwealth* v. *Tarbox,* Ib. 66. *Regina* v. *Tiddeman,* 4 Cox Crim. Cas. 387.

2. Nor is this indictment defective in omitting the word " thereby " in the allegation of the intent to extort money. The

statute, it is true, says " with intent thereby to extort money," &c. But the word " thereby " is superfluous in that connection, and adds nothing to the meaning. The statute has the same force and significance with the word left out. And the allegation in this indictment, that the threat was made " with a view and with the intent to extort money," is fully equivalent to the statement that it was made " with the intent thereby to extort money." All the essential elements of the offence created by the statute are sufficiently alleged. *Commonwealth* v. *Carpenter, ante,* 15.

*Exceptions overruled.*