Dickman, J.
The defendant was indicted under section 6830 of the Revised Statutes, which, among other provisions, contains the following:
“ Whoever verbally accuses any person of a crime punishable by law, with intent to extort or gain from such person airy chattel, money, or valuable security, or any pecuniary advantage whatsoever, shall be imprisoned in the penitentiary not more than five years nor less than one year, and may be fined not inore than one thousand dollars.”
The first question that claims our consideration is, whether the facts stated in the indictment constitute an offense under the statute. The section above cited designates several forms of extortion, and makes them each a substantive offense; but, the defendant is prosecuted under that specific part of the section, which makes it a penal offense to accuse another of a crime punishable by law, with intent to extort or gain. If the act of which the person is accused is not punishable by law, it is not the crime contemplated by the statute. Punishable by law are not words that describe a crime. They limit the subject-matter of the accusation to those acts that come within the penalties of the criminal laws of the state. To accuse one of administering poison to *561 and killing a colt or other domestic animal, the property of another, without further imputation of criminal intent, is not to accuse one of a crime under the statute. The poison may have been administered accidentally, or through mistake. By section 6852 of the Revised Statutes, it is a crime punishable by fine or imprisonment to maliciously administer poison, of any sort whatever, to any foal, filly, or other domestic animal therein referred to, the property of another, with intent to injure or destroy the same. And section 6851 of the Revised Statutes, also subjects to fine or imprisonment any person who maliciously kills any such animal, the property of another. Such administration of poison and thereby killing, must be attended with the element of malice to constitute the statutory crime. It is charged in the indictment, that the defendant, with the intent to extort and gain from William Brigham and Almyra Brigham his wife, certain chattel property and a pecuniary advantage, unlawfully and knowingly did verbally threaten and accuse them of having committed the crime of administering poison to and . killing the two colts, but not of having done so maliciously, unlawfully, or knowingly. There is, indeed, no allegation in the indictment, that the defendant accused them of a crime of which they could be legally convicted and punished.
It is the ancient rule of our law, often reiterated, that penal statutes are to be construed strictly, and cannot be extended by implication to cases not falling within their terms. And although there is another rule equally well settled, that we are to interpret penal statutes according to the manifest import of their words, yet if legal words are used, we are to understand them in their well settled legal sense. The word crime is not of doubtful signification in the law. And where the statute distinctly provides that the offense shall consist in accusing another of a crime, with the intent to extort or gain, an indictment under the statute is not, we think, sufficient, that charges the doing, with such intent, of an act which is not wrong within the meaning of the criminal law.
It is urged in argument, that in alleging the offense in the indictment, it is safe to use the words of the statute; but, *562 as said in Hagar v. The State, 35 Ohio St. 268, while in charging an offense in an indictment it is not good practice to omit the words of the statute, it is not to be inferred that an indictment which simply pursues the language of the statute is sufficient, for in many cases something more is required. If in the case at bar, the defendant had been charged only with having made accusation of a crime with intent to extort, without specifying the crime, the indictment would manifestly have been insufficient. It was requisite, therefore, to supplement the words of the statute with a description of the crime, as it may have been intended to do in the indictment, but in which the crime in fact is insufficiently alleged.
In the cases to which our attention has been called, there was a complete description of the crime of which there was a threatened accusation, with intent thereby to extort or gain.. In Commonwealth v. Moulton, 108 Mass. 307, the defendant was indicted under a law inflicting a penalty, for threatening to accuse another of any crime, with intent to extort money. The indictment charged that the defendant, maliciously and verbally, threatened one Killam to accuse him of having committed the crime of adultery, with a view and with the intent to extort money from him. The crime of which Killam was threatened to be accused, was evident on the face of the indictment, for adultery, ex vi termini, is made a crime in the chapter prescribing its punishment.
In Commonwealth v. Goodwin, 122 Mass. 19, which was a prosecution under the same law, for verbally threatening to accuse another of the crime of burning an insured building belonging to him, with the intent to extort, the indictment charged, that the defendant, with the intent to extort a certain sum of money from one Geldowski, verbally threatened to accuse him of having committed the crime of, “feloniously and wilfully burning a certain building of him the said G-eldowski, with the intent to injure the insurer.” The court did not deem it necessary to set forth the facts constituting the crime of which the accusation was threatened, with the particularity required in an indictment for the *563 crime itself, as the criminality of the act of burning the building was alleged and shown, in adopting the words of the statute descriptive of the crime.
The facts stated in the indictment not constituting an offense under the statute, we might proceed no further; but, there is apparent on the record an error that merits our consideration, as it may have been an active element in producing the conviction of the plaintiff in error. At the trial in the court of common pleas, evidence was admitted tending to prove the truth of the accusation, that William Brigham and Almyra Brigham had killed the two colts by administering poison to them, but the court instructed the jury, that so far as the crime charged in the indictment was concerned, it was immaterial whether such accusation were true or false.
To constitute the offense described in the statute, there must be an intent to extort or gain the objects therein specified. Extortion is a wrongful exaction. It has been well defined, as the obtaining of money or other valuable thing, either by compulsion, by actual force, or by the force of motives applied to the will and often more overpowering and irresistible than physical force. And the word gain, when used in connection with the word extort, must be understood as referring to a mode of acquisition equally exceptionable. In the civil law, the term is regarded as so significant, that the expression lucri gratia — for the sake of gain — -is used to indicate the motive which evidences theft, as the criminal act of extortion, before the enactment into the Revised Statutes of section 6830, was denominated an attempt to rob.
An honest effort on the part of a creditor to collect a just debt, by accusing or threatening to accuse the debtor of a crime with which the debt is connected, or out of which it arose, does not, in our opinion, come within the purview of the statute. Nor should the statute be construed as covering the case of an owner who demands from the offender a reasonable compensation for property which he has maliciously and criminally destroyed, and accompanies his demand with a threat to accuse the offender of the crimed)
In State v. Hammond, 80 Ind. 80, there was an informa *564 tion against the defendant for sending, with the intent to extort, a written communication to one Wintroad, demanding from him the payment of a certain sum of money, and thereby accusing and threatening to accuse him of the crime of having obtained the money from the defendant through false pretenses. It was fairly inferable from the letter sent by the defendant to Wintroad, that the latter was indebted to him for the money mentioned, and that the object of the defendant was merely to obtain or secure the re-payment of it. The court was of opinion, that a threat to prosecute for an alleged or supposed offense connected with the creation of the debt, where the object of the threat was merely to secure the payment of the debt due from the person threatened to the person making the threat, did not come within the spirit or purpose of the statute.
In The People v. Griffin, 2 Barb. 427, the defendant was indicted for having written letters to one Heath, threatening to burn and destroy his property, unless he would, within a certain time, send the defendant a given sum of money, claimed by the defendant to be due from Heath. It was not a case in which the debt claimed was connected with or grew out of the act of. injury threatened, and Welles, J., in the opinion said: ^‘The intent must be to extort or gain. Can it be truly said that a person extorts money which is justly his due ? The word gain, in the connection here used, I regard as synonymous with extort: at least, I think it must mean something more than merely to obtain, or get possession of-J In view of the well established rule, that penal statutes are to receive a strict construction, I must interpret this as intending to embrace only cases where the intent is to obtain that which in justice and equity the party is not entitled to receive.”
Whether the accusation against Brigham and his wife was true or false was not, in our judgment, immaterial as affecting the guilt or innocence of the plaintiff in error. In the absence of any intent to extort or gain, he would not be guilty of the offense charged. It is conceded that the animals poisoned and killed were his property, and if the minds *565 of the jury had not been diverted from a consideration of the evidence — as immaterial — which tended to prove that the parties accused were guilty of the crime of administering the poison, it might have been made manifest to the jury, that the motive of the defendant was not to extort or gain, but only to obtain an equitable satisfaction for the loss of his property. In Reg. v. Richards, 11 Cox C. C. 43, it was lield, that whether the prosecutor was guilty or innocent of the threatened accusation, might be material in considering the question whether, under the circumstances of the case, the intention of the prisoner was to extort money or to compound a felony, — a distinct statutory offense. ( The intent to extort may indeed exist, notwithstanding the truth of the accusation, and yet, in the light of surrounding circum-! stances, the fact that the accusation is true may strongly aid in negativing such intent.)
In Elliott v. The State, 36 Ohio St. 318, the charge against Elliott was, that with the intent to extort and gain a certain .amount of money, and certain valuable securities, he accused W. of the crime of maliciously burning his own barn with the intent thereby to prejudice the insurer. On demurrer to the indictment it was held, that it was not defective for want of an averment that the accusation against W. was false. The legal presumption being that the accusation was false, such an averment became unnecessary. The allegation in an indictment of an intent to extort may be sustained, although the accusation threatened be true, hence, the propriety of the decision in that case, that the truth or falsity of the accusation made by the defendant was not an essential element of the crime. But, such decision does not militate with the position, that the truth of the accusation may become material, riot as in itself an adequate defense, but as having a tendency to establish that the intent of the defendant was not to extort, but only to secure a reasonable compensation for property destroyed, or the payment of a just debt.
It is assigned as error, that the jury were influenced in their verdict, by being detained an inordinate length of time *566 until they should agree. Upon examination of the record, we do not think that the court unduly exercised its discretion, in the length of time it required the jury to deliberate upon the merits of the case before them, nor are we prepared to say, that the plaintiff in error was, in any way, prejudiced by such detention of the jury.

Judgments of the court of common pleas and circuit court reversed.