[No. 20756.   Department One. — August 17, 1892.]

THE PEOPLE, RESPONDENT, v. I. N. CHOYNSKI, APPELLANT.

CRIMINAL LAW — THREATENING LETTER — INTENT TO EXTORT MONEY — INFORMATION — CONTENTS OF LETTER — ADAPTATION TO IMPLY THREAT. — An information charging the defendant with sending a threatening letter with intent to extort money, which sets forth the letter, wherein defendant asked the person addressed to take some matter off from his hands which he had written for and in his behalf as the editor of a news-paper, and relieve him from further responsibility, and stating that he would go to press the next day, and which charges that the writing was adapted to imply threats, is sufficient to charge the offense. It is not necessary that a threat should be apparent from the face of the letter, nor that it should be implied therefrom; but it is sufficient that the language used is adapted to imply a threat.

ID. — INSTRUCTION — WHAT THREAT LETTER MUST BE ADAPTED TO IMPLY. — An instruction to the jury, to the effect that it is not necessary to spe-cify the offense imputed to the person to whom the letter is sent, but that if it does express or imply, or is adapted to imply, " any threat," the offense is committed, is too broad. The letter must be adapted to imply one or more of the threats mentioned in section 519 of the Penal Code, or the offense is not committed.

ID. — TRUTH OR FALSITY OF CHARGE IMMATERIAL. — In a criminal prose-cution for the sending of a threatening letter with intent to extort money, the truth or falsity of the charge is immaterial, and it is not necessary to instruct the jury upon such matters.

ID. — ELEMENTS OF OFFENSE. — An instruction to the jury, to the effect that if the defendant is shown to be guilty of sending the letter, " with the motive imputed, he is guilty of this offense, and should be found guilty, no matter as to the consequences, whatever they may be," is erroneous. The court should have added, that it was not only necessary for the ac-cused to have sent the letter, and have had the intent to extort, but that the letter must have been such a writing as was adapted to imply a threat, in order to justify a conviction.

ID. — ARGUMENTATIVE CHARGE — RÉSUMÉ OF EVIDENCE — MATTERS OF FACT. — A charge to the jury should not be argumentative, or give a résumé of the evidence, or encroach upon the right of the jury by pass-

ing upon matters of fact. The judge cannot be too cautious in a crimi-
nal trial in avoiding all interference with the conclusions of the jury
upon the facts

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ferral,* and *Joseph Rothschild,* for Appellant.

*Attorney-General W. H. H. Hart,* and *John L. Love,* for
Respondent.

GAROUTTE, J. — The appellant was convicted of a fel-
ony, to wit, sending a threatening letter with intent to
extort money, and now prosecutes an appeal to this
court from the judgment and order denying his motion
for a new trial.    The prosecution is based upon section
523 of the Penal Code, which reads as follows: "Every
person who, with intent to extort any money or other
property from another, sends or delivers to any person
any letter or other writing, whether subscribed or not,
expressing or implying, or adapted to imply, any threat
such as is specified in section 519, is punishable," etc.
The letter sent by appellant, and upon which this prose-
cution was founded, reads:—

"OFFICE 'PUBLIC OPINION,' I. N. CHOYNSKI, EDITOR,
137 TAYLOR STREET.
            "SAN FRANCISCO, 20, 2, 1890.
"O. LIVERMORE, ESQ.
    "*Dear Sir,* — You will please take the matter I have
written for and in your behalf, and relieve me of any
further responsibility.    Respectfully, etc.,
                    "I. N. CHOYNSKI."
"Will go to press to-morrow, Friday."

The demurrer to the information was properly over-
ruled.    It is not necessary that a threat should be ap-
parent from the face of the letter, nor even necessary
that it should be implied therefrom.    The statute says

if the language used is adapted to imply a threat, then the writing is sufficient. Parties guilty of the offense here alleged seldom possess the hardihood to speak out boldly and plainly, but deal in mysterious and ambiguous phrases,—mysterious and ambiguous to the world at large, but read in the light of surrounding circumstances by the party for whom intended, they have no uncertain meaning. In addition to matters of innuendo stated in the information, it is charged in the language of the statute that the writing was "adapted to imply threats," and circumstances showing its adaptation to such purpose were entirely matters of evidence. We pass to a consideration of the instructions of the court.

After reading the section of the code to the jury, heretofore quoted, the court said: "You will see, gentlemen, that the intent of the statute is to cover every supposable case. It does not require the character of the charge of threatening to be made against the person to be set out. It is not necessary to specify the offense imputed to the person to whom the letter is sent; but if it does express or imply, or is adapted to imply, any threat, the offense is committed." The instruction is too broad, as it tells the jury that if the letter "is adapted to imply *any threat*, the offense is committed." The letter must be adapted to imply one or more of those threats specially mentioned in section 519, or the offense is not committed.

There was evidence introduced by the prosecution as to the falsity of the charge which was threatened to be made against the prosecuting witness, and the court instructed the jury upon such matters. As the cause must be returned to the lower court for a new trial, we would suggest that in the character of action here pending, the truth or falsity of the charge is immaterial. It was said in *Morrill* v. *Nightingale*, 93 Cal. 456: "Under that kind of menace which consists in a threat of injury to the character of a person, it is entirely immaterial whether such person is guilty or innocent of the crime to be charged. It certainly would be no defense to the accusa-

tion of extortion that the charges or publications threatened to be made by the defendant, and by which he obtained valuable property, were true.   The truth or falsity of those matters forms no element in establishing the guilt or innocence of a defendant charged with such extortion."

The court gave the jury the following instruction: "But if this man is shown guilty of sending this letter with the motive imputed, he is guilty of this offense, and should be found guilty, no matter as to the consequences, whatever they may be."   This instruction is clearly erroneous, for, as we have seen, the letter which forms the foundation of the prosecution does not upon its face either convey a threat or imply a threat; and in addition to the elements of the offense included in this charge to the jury, as sufficient to justify a conviction, the court should have added, that it was not only necessary for the accused to have sent the letter, and have had the intent to extort, but the letter must have been such a writing as was adapted to imply a threat.   That was a question of fact to be found in the affirmative by the jury before a verdict of guilty could be rendered under the law.

The charge, taken as a whole, is objectionable; it is argumentative, — consisting to a great extent of a *résumé* of the evidence, and in many respects encroaching upon the rights of the jury by passing upon matters of fact. We had occasion to refer to this subject in *People* v. *Gordon*, 88 Cal. 422, and there quoted with approval, as we again do, the following language from *People* v. *Williams*, 17 Cal. 147: "The experience of every lawyer shows the readiness with which a jury frequently catch at intimations of the court, and the great deference which they pay to the opinions and suggestions of the presiding judge, especially in a closely balanced case, when they can thus shift the responsibility of a decision of the issue from themselves to the court; a word, a look, or a tone may sometimes in such cases be of great or even of controlling influence.   A judge cannot be too cautious in a criminal

trial in avoiding all interference with the conclusions of the jury upon the facts."

Let the judgment and order be reversed, and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.