## MYER COHEN v. THE STATE.

### *No. 1109. Decided February 3d, 1897.*

#### 1.  Sending Threatening Letter to Extort Money—Indictment.

An indictment, under Art. 966, Penal Code, for sending to another a letter threatening to accuse such other person of a criminal offense, with a view of extorting money, etc., to be sufficient, must set out, by distinct averment, the specific criminal offense the defendant proposed to charge against such party and not leave it to be gathered by intendment; merely to set out the letter hæc verba, with a general averment that said letter threatened to accuse the party of a criminal offense is not sufficient.

#### 2.  Same—Construction of Statute.

The word "extorting," as used in the statute, is not alone applicable to cases where there is no debt existing between the parties; and a party may be guilty under the statute, although the party to whom the letter is sent may be justly indebted to him.

#### 3.  Same—Evidence—Proof of the Truth of the Contents of the Letter.

On a trial for sending to another a letter threatening to accuse such other of a criminal offense, with a view of extorting money, etc.; proof of the truth of the contents of the letter is competent and admissible on the issue as to whether defendant's intent was to extort money or only to secure reasonable compensation for property or the payment of a just debt.

APPEAL from the County Court of Navarro.  Tried below before Hon. M. L. SHELTON, County Judge.

Appeal from a conviction for sending a threatening letter with a view of extorting money; penalty, a fine of $100.

The indictment is set out in the opinion below.  Defendant made a motion in arrest of judgment, one ground of which was, that, "the indictment failed to charge any offense known to the laws of the State of Texas, in that it does not appear, from the letter set out in the indictment, that it threatened to charge the said Frank Hagle, Sr., with any criminal offense, nor does the indictment allege by innuendo or otherwise, that said defendant charged or intended to charge the said Frank Hagle, Sr., with any offense known to the laws of the State of Texas."

This motion was overruled.  No further statement necessary.

*Frost, Neblett & Blanding,* and *Simkins & Mays,* for appellants.— Upon the insufficiency of the indictment cited Wills. Crim. Stats., Art. 813; Wills. Crim. Forms., No. 527; Mann v. Ohio, L. R. A., 656.

The court erred in excluding evidence offered by defendant to prove that Cohen had a just claim of right against Hagle, growing out of the purchase of cotton; to show that the intent of defendant was not criminal, and to show that defendant, believing he had a just demand against Hagle, wrote the letter for the purpose of collecting and settling an honest claim, and was not unjustly and wrongfully trying to extort from Hagle something to which he was not entitled.    2 Bishop's Crim. Law, § 1201; Mann v. State of Ohio, L. R. A., 656; Comm. v. Jones, 21 Mass., 57; Comm. v. Goodwin, 122 Mass., 19; People v. Wightman, 6 Cert. Rep., 657, 104 N. Y., 607; Comm. v. Murphy, 12

Allen, 449; Comm. v. Carpenter, 108 Mass., 15; State v. Bruce, 24 Me., 7; Lytle v. Boyer, 33 Ohio St., 506.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of knowingly sending and delivering to Frank Hagle a certain written letter, threatening to charge him with a criminal offense in order to extort money from, etc., and fined in the sum of $100, and prosecutes this appeal. The indictment is as follows: The defendant "did then and there, unlawfully and knowingly, send and deliver to Mr. Frank Hagle, meaning and intended for Frank Hagle, Sr., a certain written letter and writing, of the tenor in substance following, to-wit: 'August Levy Dealers in Groceries, Provisions, Tobaccos, and Cigars, etc. Corsicana, Texas, March 30th, 1896. Mr. Frank Hagle—Dear Sir: I have ample proof that the two bales of cotton you sold me was water-packed, as the bales were weighed today, and lost 100 ✕ with all the cotton in them, and, on opening the bales, find that several buckets of water was put in it, and have full proof to that; and as this is a criminal offense, and unless you come in at once and see to it, will take the matter before the courts, and, in order to save you any cost and trouble, it will be to your interest to come in at once, and attend to it. Yours truly, [signed] M. Cohen'—which said letter and writing threatens to accuse the said Mr. Frank Hagle, meaning and intended for Frank Hagle, Sr., of a criminal offense, and which said letter and writing the said M. Cohen did unlawfully and knowingly send and deliver to the said Frank Hagle, Sr., with a view of extorting money, property, things of value and advantages from the said Frank Hagle, Sr., and against the peace and dignity of the State." A motion was made by the appellant to quash the indictment, on the ground that the indictment failed to set out the specific criminal offense the defendant proposed to charge against Hagle; it being contended that the merely setting out of the letter in hæc verba, and the general averment that said letter threatened to accuse Frank Hagle of a criminal offense, is not a sufficient allegation. We are not aware that this precise question has previously been before this court. We are cited by appellant to a case on this subject from Ohio. See, Mann v. State, 47 Ohio St., 556, 26 N. E., 226. In that case a number of cases are cited from other States, and all seem to support the contention of the appellant. In this case, if we look to the letter copied, it would indicate that it would support a charge under Art. 568, Penal Code, for falsely packing a bale of cotton or selling a falsely packed bale of cotton. But there is no distinct averment in the indictment that the defendant by said letter threatened to charge said Frank Hagle with that offense. In our opinion, from the authorities, and in consonance with our statute on the subject of criminal pleading, the in-

dictment should have stated the distinct offense threatened against the party to whom the letter was sent, and not leave this to be gathered by intendment. We do not mean that it is necessary to charge all the allegations necessary to make out such distinct offense, but enough should be stated, if it is not an offense eo nomine, to show the particular offense threatened against the party. Appellant, on the trial of the case, offered the testimony of a number of witnesses tending to prove the truth of the contents of said letter, which evidence was rejected by the court, and appellant saved his bill of exceptions. We believe that this testimony was admissible. The charge is that the defendant sent and delivered a certain letter, threatening to accuse Hagle of a criminal offense, with the view of extorting money, etc. "Extort" means "to obtain from a holder desired possessions or knowledge by force or compulsion; to wrest from another by force, menace, duress," etc. See, Cent. Dict. In the law dictionaries, the word "extort" is not found, and "extortion" is applied to officers "who, by color of office, unlawfully take any money or thing of value that is not due him, or more than is due, or before it is due." See, 7 Amer. & Eng. Ency. of Law; 1 Bouv. Law Dict.; and 1 Rap. & L. Law Dict. We apprehend that our statute, in using the word "extort," had reference to its meaning in its broader sense, as given above from the Century Dictionary. We do not construe this statute to mean, by the use of the term "extorting," to be only applicable to cases where there is no debt existing between the parties. On the contrary, under this article, a party may be guilty of the offense of sending or delivering a letter threatening to accuse another of a criminal offense, with the view of extorting money, although the party may be justly indebted to the sender of such letter. One object of the statute, as we take it, is to prevent persons from sending such letters, and using the criminal laws of this State to collect debts that might be due and owing them. But this view, as was said in Elliott v. State, 36 Ohio St., 318, "does not militate with the position that the truth of the accusation may become material, not as in itself an adequate defense, but as having a tendency to establish that the intent of the defendant was not to extort, but only to secure reasonable compensation for property or the payment of a just debt." In other words, the question for the jury to determine is whether or not the letter threatening a criminal prosecution was sent with the view of extorting money from the prosecutor. If the money was not due and owing at all, the sending of such a letter would be absolute proof of extortion; but, if a debt was due and owing by the prosecutor, the letter itself, under the environments under which it may have been written, might not have been written with the view of extorting money from the prosecutor—that is, by threatening him by letter with a criminal prosecution in order to obtain the money. And we believe in this case that the circumstances connected with sending the letter, and the truth of the matters therein contained, should have been admitted by the court in order that the jury might correctly pass

upon the question as to whether or not said letter was sent and delivered with the view of extorting money from the prosecutor. What we have above said applies to the charges of the court on this subject, which were excepted to by the appellant. Because of the refusal of the court to quash the indictment, the cause is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*