[Criminal No. 351.   Filed December 29, 1914.]

[145 Pac. 244.]

## ROBERT E. LEE, Appellant, v. STATE, Respondent.

1. EXTORTION—INFORMATION—SUFFICIENCY.—Under Penal Code of 1913, section 943, providing that an information is sufficient if it states the act charged as the offense clearly and distinctly in ordinary and concise language, so as to enable a person of common understanding to know what is intended, and with sufficient certainty to enable the court to pronounce judgment, and which contains the formal allegations of the necessary jurisdictional facts, an information for extortion by threat to accuse another of a crime as defined by Penal Code of 1913, sections 512, 513, which charges that the defendant threatened to accuse another of grand larceny, is sufficient without alleging the particulars of the larceny.

2. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—OTHER OFFENSES.—In a prosecution for extortion by threatening to accuse another of the larceny of a cow, where the theory of the prosecution was that defendant compelled the prosecuting witness to kill a cow belonging to another so that defendant and his confederates could accuse him of the crime, and then extorted money from him to forego making the accusation, evidence that the defendant pointed a gun at the witness, and thereby forced him to kill the cow, is admissible as part of the transaction, although it tends to show the commission of another crime by defendant.

[As to evidence of other crimes, see note in 105 Am. St. Rep. 976.]

3. EXTORTION —EVIDENCE— ADMISSIBILITY — CIRCUMSTANCES.—Evidence that tracks were found leading to the place where the cow was killed was also admissible as tending to corroborate the testimony of the prosecuting witness.

4. CRIMINAL LAW—INSTRUCTIONS—READING STATUTE.—In a prosecution for extortion by a threat to accuse another of a crime as defined by Penal Code of 1913, section 513, subdivision 2, it was error for the court to read to the jury subdivisions 1, 3 and 4 of that section defining extortion by other threats.

5. CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTION.—The error in such instruction was harmless where the only evidence of threats was a threat to accuse the other of grand larceny, especially where the court, after reading subdivision 2 of the section, stated that that was the one under which the prosecution was brought.

6. CRIMINAL LAW—INSTRUCTIONS—READING STATUTE.—In a prosecution
    for extortion by threatening to accuse another .of grand larceny, it
    was error to read to the jury all of Penal Code of 1913, sections
    481, 483, 484, defining grand larceny, and not to confine the instruc-
    tion to the particular kind of larceny to which the threat referred.

7. EXTORTION — THREATS — ACCUSATION OF CRIME — GUILT OF PERSON
    THREATENED.—One who extorts money from another by a threat
    to accuse the other of a crime is guilty of extortion, whether the
    other is in fact guilty or innocent of the crime referred to in the
    threat.

    [As to what constitutes extortion, see notes in 96 Am. Dec. 193;
    116 Am. St. Rep. 446; Ann. Cas. 1913D, 453.]

APPEAL from a judgment of the Superior Court of the
County of Graham. A. G. McAlister, Judge. Affirmed.

The facts are stated in the opinion.

Mr. John McGowan, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C.
Hardy, Assistant to the Attorney General, for Respondent.

ROSS, J.—This appeal is prosecuted from a judgment of
conviction of the crime of extortion. Complaint is made of
errors (1) in overruling a demurrer to the information for
insufficient facts to constitute the offense of extortion; (2)
the admission of evidence over objection; and (3) the giving
of erroneous instructions to the jury. We will consider these
assignments in their order.

The charging part of the information is as follows:

"The said Robert E. Lee, on or about the 7th day of Novem-
ber, 1912, and before the filing of the information in the
county of Graham, state of Arizona, did willfully, knowingly,
unlawfully and feloniously obtain certain personal property,
to wit, $1,600 lawful money of the United States, from one
H. E. Smith, then and there being with his said H. E. Smith's
consent, which said consent was then and there induced by
wrongful use of force and fear by and upon the part of said
Robert E. Lee, defendant, to wit, by a threat then and there
made and communicated to said H. E. Smith by said defend-
ant, to accuse him, the said H. E. Smith, of having committed
a crime, to wit, the crime of grand larceny in said county of

Graham, and said personal property then and there being the property of said H. E. Smith.''

Extortion is defined by the Penal Code of 1913, section 512, as follows:

''Extortion is the obtaining of property from another with his consent induced by wrongful use of force or fear or under color of official right.'' The ''fear'' mentioned ''may be induced by a threat . . . (2) to accuse him . . . of any crime.'' *Id.* 513.

The appellant contends that the information is defective in that it fails to describe sufficiently the crime of which accusation was threatened, and he insists that the information, to be good, should set forth the particulars of the crime threatened. In other words, he says that the allegation that defendant threatened to accuse Smith with the crime of ''grand larceny'' is a mere conclusion of law, and that it cannot be made to take the place of the facts constituting the accusation. The offense with which appellant is charged is extortion, and the gist of it is the obtaining the property of another with his consent induced by fear of a threatened prosecution for a crime. For some cases the description of an offense by its generic name will indicate all the essentials of such offense. That is true of such well-known offenses as arson, burglary, larceny and murder. *Fertig* v. *State,* 14 Ariz. 540, 133 Pac. 99.

If the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the rights of the case, and contains the formal allegations of jurisdictional facts, the information is sufficient. Section 943, Pen. Code 1913. Tested by this statutory rule, it seems to us that the information is sufficient. That it is not necessary in an indictment or information of extortion to give a technical description of the accusation threatened against the prosecutor is supported by *Commonwealth* v. *Philpot,* 130 Mass. 59; *State* v. *Lewis,* 96 Iowa, 286, 65 N. W. 295; *Commonwealth* v. *Murphy,* 12 Allen (Mass.), 449; *State* v. *Stewart,* 90 Mo. 507, 2 S. W. 790; *Williams* v. *State,* 13 Tex. App. 285, 46 Am. Rep. 237; *Cohen* v. *State,* 37

Tex. Cr. 118, 38 S. W. 1005; *State* v. *Robinson,* 85 Me. 195, 27 Atl. 99. It is sufficient to charge that defendant threatened· to accuse the prosecutor of a specified crime. *Commonwealth* v. *Goodwin,* 122 Mass. 19; *Commonwealth* v. *Moulton,* 108 Mass. 307; *Commonwealth* v. *Dorus,* 108 Mass. 488; *Commonwealth* v. *Murphy,* 12 Allen (Mass.), 449; *Commonwealth* v. *O'Brien,* 12 Cush. (Mass.) 90; *Moore* v. *People,* 69 Ill. App. 398; *People* v. *Gardner,* 73 Hun, 66, 25 N. Y. Supp. 1072. See note, 9 Ann. Cas. 196.

To properly understand the other two assignments of error, it is necessary to epitomize the facts as developed at the trial. The prosecuting witness Smith testified that defendant and three confederates enticed him, by representing to him that one of his cattle was down, to go to an out-of-the-way place near his ranch, and that upon his arrival there he was commanded by the defendant, who pointed a gun at him to enforce his orders, to take an ax that was given him and kill a cow that defendant and confederates had tied to a tree; that he did as directed; that after the animal was killed he asked defendant, "What he meant by pulling a gun on me and making me kill that cow." The defendant answered, "He wanted a hundred head of cattle or $3,000." "I told him I couldn't give him $3,000, nor a hundred head of cattle." "He said he would take the hide to Foster and Marshall (who were the owners), and he and what others he had on the hill there would swear against me and stick me." "I told him I couldn't get him $3,000, and he says: 'If you will give me what Foster and Marshall are giving me, $2000, I will let you off.'" That the defendant compelled him to help skin the animal, and said, taking the hide, "If I would pay him $200 the next morning he would keep the hide and not present it to Foster and Marshall." The prosecutor paid the $200 the following morning by check at defendant's home, and four days later gave defendant $1,600, and received the hide from defendant. The defendant's testimony differs from that of the prosecuting witness, in that he says he knew the prosecutor was going to kill the animal at the time and place named, and that he knew that Foster and Marshall were offering a reward for the apprehension of persons stealing their cattle, and, knowing these facts, he laid for Smith and caught him; that Smith begged him not to divulge to Foster and Marshall

his crime, and voluntarily gave him $1,800 to keep the crime a secret.

The evidence objected to by defendant, and the admission of which he assigns as error, was evidence given by the prosecuting witness of the defendant's pointing a gun at him, and of tracks leading to where the animal was killed. He says he was charged with extortion induced by use of threats; that the information does not charge the wrongful use of force; and that the state was permitted by such evidence to prove another and different offense than the one alleged in the information. The rule invoked by the appellant is not applicable to the facts of this case. The state was entitled to prove all the facts of the transaction, even though they did disclose another and different crime than that laid in the information. In his case, on the theory of the prosecution, it was evidently the plan or scheme of appellant to compel the prosecuting witness, by the assault with a gun upon him, to kill the animal, and then charge him with larceny and by superior numbers prove the charge, unless silence was purchased by the payment of $2,000. Indeed, the plan or scheme, if true, embraced three crimes, larceny of the animal, assault with a deadly weapon, and extortion, all involved in the one transaction. Jones, Commentaries on Evidence, sec. 145. *People* v. *Molineux*, 168 N. Y. 264, 62 L. R. A. 193, 61 N. E. 286.

Proof of the tracks leading to the place where the animal was killed was also competent and relevant as corroborating the testimony of the prosecuting witness.

The court in instructing the jury as to what constituted "fear," instead of confining itself to the specific charge in the information, read all of section 513 of the Penal Code of 1913. It is contended by appellant that this was prejudicial error. Subdivisions 1, 3 and 4 of that section, defining fear induced by threats, should not have been read to the jury for the reason that the state did not rely upon the kinds of fear therein mentioned, but relied upon a fear induced by a threat to accuse the prosecuting witness of a crime. The definition given to the jury should have been restricted to the charge. The injection of the other circumstances constituting fear, under the facts of the case, were mere abstract propositions of law, and without place in the instruction.

But as the evidence was all of the fear of being accused of grand larceny, it does not seem possible that the jury could have been misled or influenced in its verdict by this instruction in the form in which it was given, especially in view of the fact that the court in reading section 513, after subdivision 2, said: "This is the subdivision under which this action is brought." *Simons* v. *State* (Tex. Cr. App.), 34 S. W. 619; *Hargrave* v. *State* (Tex. Cr. App.), 30 S. W. 444.

The court submitted to the jury the question as to whether what was said and done by defendant in his threat constituted a threat to accuse the prosecuting witness of the crime of grand larceny, and in that connection defined larceny by reading sections 481, 483 and 484, Penal Code of 1913. What we have said concerning the instruction before this is applicable to this instruction. The court should have restricted its instruction to defining the kind threatened to be charged and proved on the trial.

The appellant complains of the court's instructions wherein the jury were told "that even though Smith was actually guilty of stealing the cow, and was caught in the act of butchering her, if the defendant, because of the fear that Smith had of being prosecuted, did use that as a means of frightening Smith into the payment of the money, and actually did frighten him into paying the money, and afterward did receive the money of Smith, the defendant would yet be guilty of extortion, and it would be your duty to so find him guilty." This is a correct statement of the law. *People* v. *Choynski*, 95 Cal. 640, 30 Pac. 791; *Kessler* v. *State*, 50 Ind. 229; *State* v. *Debolt*, 104 Iowa, 105, 73 N. W. 499; *State* v. *Waite*, 101 Iowa, 377, 70 N. W. 596; *People* v. *Eichler*, 75 Hun, 26, 26 N. Y. Supp. 998; *People* v. *Wickes*, 112 App. Div. 39, 98 N. Y. Supp. 163.

In *People* v. *Eichler, supra*, the court said:

"The fact that the person who, in writing or orally, makes such a threat for such a purpose believes or even knows that the person threatened has committed the crime of which he is threatened to be accused, does not make the act less criminal. The moral turpitude of threatening, for the purpose of obtaining money, to accuse a guilty person of the crime which he has committed is as great as it is to threaten, for a like purpose, an innocent person of having committed a crime.

The intent is the same in both cases, to acquire money without legal right, by threatening a criminal prosecution. But threatening a guilty person for such a purpose is a greater injury to the public than to threaten an innocent one, for the reason that the object is likely to be attained and the result is the concealment and compounding of felonies to the injury of the state.''

The judgment of the trial court is affirmed, and it is accordingly so ordered.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—The question of the admissibility of evidence of other crimes in criminal cases is discussed in an extensive note in 62 L. R. A. 193.