## No. 8941.

### MANZOLI v. THE PEOPLE.

Decided December 3, 1917.

Plaintiff in error was convicted of violating the prohibition act of 1915.

*Affirmed.*

1. APPEAL AND ERROR—*Instructions.* Where the court's attention was not called to any imperfection or oversight in an instruction and no objection was made or exception saved to the giving

of it, error based thereon will not be considered in the appellate court.

2. TRIAL—*Remarks of District Attorney.* The district attorney in the course of his argument to the jury said, "In my opinion, gentlemen, this is the strongest case of those tried." Upon objection, the court stated to the prosecutor, "Every case must stand upon its own bottom." *Held,* that while the remark was improper, under the circumstances, it did not constitute reversible error.

*Error to the District Court of Las Animas County, Hon. Granby Hillyer, Judge.*

Mr. B. MALCOLM ERICKSON, Mr. RALPH L. CARR, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Hon. FRED FARRAR, Attorney General, Mr. CHARLES ROACH, Assistant, Mr. CLEMENT F. CROWLEY, Assistant, for the People.

*En banc.*

MR. JUSTICE GARRIGUES delivered the opinion of the court.

January 10, 1916, an information was filed in the district court of Las Animas county charging that Frank Manzoli on January 4, 1916, did unlawfully sell and keep for sale intoxicating liquors and did unlawfully offer intoxicating liquors for sale, barter and trade contrary to section 1, page 275, laws of 1915.

January 18, 1916, Earl Cooley, Esq., entered his appearance as attorney for defendant, who was arraigned, pleaded not guilty and the case was set for trial on February 15, 1916. When the case was called in the morning for trial on the opening of court that day, the court permitted Mr. Cooley at his request, to withdraw his appearance. Defendant stated in open court that he wanted to go on with the trial, but could not afford to pay an attorney; that if the court wanted him to have an attorney it could appoint one for him. The court replied that if he was not able to employ counsel it would appoint one for him, but if he was able to do so, he would have to go to trial, and continued the case until the afternoon session. When the case was

reached in the afternoon, the court inquired of defendant if he had employed counsel, to which he replied that he had not. The court then said that it had investigated defendant's financial standing and found that he was able to employ an attorney; but that he might try his own case if he wanted to. Defendant then said if the case was continued over the term, he probably would be able to employ counsel, to which continuation the district attorney objected. The court then stated again that it found defendant was able to employ counsel, that he could not get a continuance that way, and ordered the case to proceed. Whereupon eight jurors were called into the jury box which exhausted the panel and the court issued a special venire for ten more jurors and ordered the eight in the box examined. Thereupon these eight jurors were examined by the district attorney, by the defendant without the aid of counsel, and by the court and passed for cause and the court took a recess to await the sheriff's return on the open venire. Later, when court again convened, Mr. Carr asked to have the names of himself and Mr. Erickson entered as counsel for defendant, which was done, and they then announced that they were ready to proceed with the trial. Thereupon the jury of twelve was completed and counsel were permitted to examine all the jurymen in the box and twelve jurymen, accepted by both sides, were sworn to try the case.

The evidence showed that defendant was running a grocery store; that he lived in the rear end of the store with a partition between the store and his living room and there was a short hallway between the store room and the kitchen. January 4, 1916, officers searched the premises to see if any intoxicating liquors were kept in defendant's possession contrary to law, and found on ice in the ice chest in the hallway between the store and the kitchen, 60 bottles of beer, and setting beside the ice chest an unopened barrel of bottle beer. In the cellar under the grocery store, they found six kegs of whiskey, part of a barrel of bottle beer, a keg of beer, six quarts of red top rye, two quarts of rock and rye, one keg of wine and whiskey mixed, one barrel of

wine and five quarts of wine. When the officers went to make the search, defendant told them it was vinegar he had in the cellar, which the jury must have found untrue. The barrels and kegs containing liquors were arranged in regular order on benches or platforms around the cellar, lying flat down with the spigots outward. The spigots were not stuck, but opened easily and had the appearance of being recently used. Two whiskey glasses, one containing a small portion of whiskey and the other some wine, were standing on the head of an empty keg.

Section 21 of the act under consideration makes the finding of an unusual amount of intoxicating liquor in one's possession, prima facie evidence in certain cases, of a violation of the act. The principal error assigned relates to an instruction given relative to the burden of proof in cases where the statute provides that certain acts shall be prima facie evidence of its violation. The court's attention was not called to any imperfection or oversight in the instruction. No objection of any kind was made thereto and no exception was taken or saved to the giving of the instruction complained of and no instruction covering this subject was tendered to the court. Under such circumstances, counsel cannot urge the giving of a faulty instruction as ground for reversal.

The district attorney, Mr. Hendrick, in the course of his remarks to the jury, said: "In my opinion, gentlemen, this is the strongest case of those tried." To which remark objection was made, and the court said: "Mr. Hendrick, every case must stand upon its own bottom." Complaint is made that this was an expression of the district attorney's opinion, that the accused was guilty, and constituted sufficient prejudicial error to reverse the case. We think the rebuke of the court was, under the circumstances, sufficient. While the remark was improper and the public prosecutor should not have made it, we do not think it sufficient to reverse the case. In *Jordan v. People*, 19 Colo. 417, 422, 36 Pac. 218, 220, this court said;

"The nature and scope of argument that will be permitted in a cause is largely within the discretion of the presiding judge. It is the duty of the court to see that the bounds of propriety are not transgressed, but an appellate court will only interfere when a gross abuse of discretion is made to appear."

In this case we are constrained to adopt the words of the supreme court of Indiana where it is said:

"If, for every transgression of the prosecuting attorney beyond the bounds of logical or strictly legal argument, the defendant could claim a new trial, few verdicts could stand, and the administration of criminal justice would become impracticable." *Morrison v. State,* 76 Ind. 335-343.

Judgment affirmed.