[Criminal No. 515.   Filed November 16, 1921.]

[201 Pac. 845.]

S. G. RICHARDSON, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—MOTION TO QUASH FOR MISNOMER WITHOUT MERIT.—Motion to quash information on the ground that accused's true name was S. G. R., and not S. H. R., as set out in the information, was without merit; it appearing that, as soon as accused's true name was learned, subsequent proceedings were had in that name, as provided in Penal Code of 1913, section 937.

2. INDICTMENT AND INFORMATION—INFORMATION NOT SET ASIDE BECAUSE OF ACCUSED'S ARREST WITHOUT WARRANT.—A person informed against for crime may not have the information set aside because he was arrested without a warrant or imprisonment without commitment; this not being one of the statutory grounds for

---

1. Effect of mistake in middle initial of name in legal proceedings, notes, 15 Ann. Cas. 117; Ann. Cas. 1912B, 601.

vacating and setting aside an information provided in Penal Code
of 1913, section 972.

3. CRIMINAL LAW — PRELIMINARY TRIAL NOT NECESSARY IN MISDE-
MEANOR CASES.—A preliminary trial is not necessary in misde-
meanor cases.

4. INDICTMENT AND INFORMATION—INFORMATION NEED NOT BE VERIFIED
IN MISDEMEANOR CASES NOR BE BASED ON VERIFIED COMPLAINT.—
There is no law requiring, in misdemeanor cases, the verification
of the information, or that the same shall be based upon a verified
complaint.

5. CRIMINAL LAW—INDORSEMENT OF NAMES OF WITNESSES NOT RE-
QUIRED.—It is not made necessary by the Penal Code to indorse
the names of the witnesses upon the information.

6. INTOXICATING LIQUORS—INFORMATION FOR MANUFACTURING NEED NOT
NEGATIVE MANUFACTURE OF DENATURED ALCOHOL.—An information
for manufacturing intoxicating liquor need not allege that the
intoxicating liquor manufactured was not denatured alcohol, for
the exception in Constitution, article 23, section 1, of denatured
alcohol is separable; it being a poison rather than an intoxicant.

7. INTOXICATING LIQUORS—EVIDENCE HELD TO SUSTAIN CONVICTION OF
MANUFACTURING INTOXICANTS.—In prosecution for manufacturing
intoxicating liquor, evidence *held* to support conviction.

8. CRIMINAL LAW—EVIDENCE OF PREVIOUS SALE OF LIQUOR ADMISSIBLE
IN PROSECUTION FOR MANUFACTURE.—In prosecution for man-
ufacturing intoxicating liquor evidence that accused had, shortly
previous to his arrest, offered to sell intoxicating liquor was ad-
missible as having a tendency to prove the charge.

9. CRIMINAL LAW—HANDING TO JURY A BOTTLE OF LIQUOR ALLEGED TO
HAVE BEEN MANUFACTURED BY ACCUSED HELD IMPROPER, BUT HARM-
LESS.—While, in a case where there is dispute as to whether the
liquid accused is charged with manufacturing is intoxicating or not, it
is error for the prosecuting attorney to give to the jury the container
of the liquid alleged to have been manufactured, for the jury's
inspection or any other purpose, such procedure making the jury
witnesses to, as well as triers of, the very question involved, yet,
where the record does not show any dispute as to the intoxicating
character of the liquor alleged to have been manufactured, any
error in giving to the jury such container is harmless.

10. CRIMINAL LAW—PROSECUTING ATTORNEY'S ADDRESSING INDIVIDUAL
JURORS BY NAME HELD IMPROPER, BUT NOT REVERSIBLE.—For the
prosecuting attorney in the course of his address to speak to the
individual jurors by name rather oversteps the limits of legal and
fair conduct; but the duty of the trial court to see that the bounds
of propriety are not transgressed in such matters will be interfered
with by an appellate court only when gross abuse of such discre-
tion appears.

11. CRIMINAL LAW—ASSIGNMENT OF ERROR HELD INDEFINITE.—An assignment that "the instructions of the court were confusing and misleading" is too indefinite, and does not conform to rules of Supreme Court, No. 12, subdivision 4.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

Mr. Glenn Copple and Mr. K. F. Miller Hinds, for Appellant.

Mr. W. J. Galbraith, Attorney General, for the State.

ROSS, C. J.—The defendant appeals from a judgment of conviction of the charge of manufacturing intoxicating liquor. In the information it was alleged that the defendant (omitting unnecessary allegations) "did then and there wilfully and unlawfully manufacture one (1) quart of intoxicating liquor, the kind of which is to the county attorney unknown," etc.

The defendant attacked the information by motion to quash it on the grounds:

(1) That his true name was S. G. Richardson, and not S. H. Richardson, as set out in the information.

(2) That he had been arrested and imprisoned several weeks without a warrant having been issued or any order of commitment.

(3) That he had not been given a preliminary hearing.

(4) That the information was not based upon a verified complaint.

(5) That the names of witnesses were not indorsed on the information.

This motion was denied. Defendant thereupon demurred to the information upon the grounds:

(1) That the acts constituting the offense in ordinary and concise language were not stated.

(2) That the information did not state any acts which would constitute a public offense.

The demurrer was overruled.

The rulings of the court upon the motion to vacate and set aside the information and on the demurrer are assigned as errors.

The motion to quash is without merit. It seems that as soon as defendant's true name was learned "the subsequent proceedings" were had in that name, as provided in section 937 of the Penal Code.

The second ground of motion is not one of the statutory grounds, as provided in section 972, Penal Code, to vacate and set aside an information. If defendant was illegally restrained of his liberty as he asserts, he doubtless would have been discharged in a proper proceeding, had he instituted such, but we do not understand the law to be that a person informed against for crime may have the information set aside because he was arrested without a warrant or imprisoned without commitment.

That a preliminary trial is not necessary in misdemeanor cases is well settled by the decisions of this court. *Cummings* v. *State,* 20 Ariz. 176, 178 Pac. 776.

We have no law requiring the verification of the information, or that the same shall be based upon a verified complaint in misdemeanor cases.

It is not made necessary by the Penal Code to indorse the names of the witnesses upon the information whatever may be required by the laws of other states.

The point raised by the demurrer is that the information does not negative that the intoxicating liquor alleged to have been manufactured was not denatured alcohol; the contention being that it should so allege.

The Constitution makes it a misdemeanor for a person to manufacture any ardent spirits, ale, beer, wine or intoxicating liquor of any kind, except denatured

alcohol. Section 1, art. 23, Amendment to Const. Laws 1915, Appendix, page 1.

"It is necessary to negative an exception or proviso contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense." 22 Cyc. 344; 14 R. C. L. 188, sec. 34.

The thing forbidden by the Constitution is the manufacture of all kinds of beverages, those specially named, as well as all others that intoxicate. The exception, denatured alcohol, is not a beverage, but a poison. It is from its very nature disassociated from the list and kind of drinks proscribed. It is different in name, quality, and uses. We conclude the exception is clearly separable from the clause of the Constitution defining the offense of manufacturing intoxicating liquor, and is not descriptive of nor an ingredient of such offense, and therefore it was not necessary to negative such exception in the information. *State* v. *Crawford,* 21 Ariz. 501, 190 Pac. 422.

The refusal of the court to grant defendant's motion for directed verdict is assigned as error. Defendant asserts that there was no evidence, either direct or circumstantial, that he ever manufactured any intoxicating liquor, or that the liquor found in his possession was manufactured in Yuma county. On this point the evidence shows that—

In or near the center of a 160-acre tract of land, owned by one Tyrus N. Havener, was "a large pile of wood, posts, and other material which had been piled up higher than a man's head, and in a circular form, inclosing an area large enough for occupation; and that inside this inclosure defendant was living; and that at the time of his arrest besides his bed and personal effects there was found at this place a still

for distilling liquor, and barrels and bottles of intoxicating liquor which apparently had been manufactured at that place.''

At the time of defendant's arrest the officer said to him, ''Shorty, we got you with the goods,'' to which he answered, ''I guess you have.'' It was also shown that defendant, shortly previous to his arrest, had attempted to sell intoxicating liquor. The liquor found at this place and in possession of defendant was unquestionably shown to be intoxicating. This evidence seems to us ample to take the question of the innocence or guilt of the defendant to the jury.

The court did not err in permitting evidence that defendant had, shortly previous to his arrest, offered to sell intoxicating liquor. We think this evidence had a tendency to prove the charge in the information and under the rule announced in *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644, and *Lee* v. *State,* 16 Ariz. 291, Ann. Cas. 1917B, 131, 145 Pac. 244, was properly admitted.

The next error is based upon the alleged misconduct of the deputy county attorney, first in passing to the jury, during his closing argument, a bottle and saying:

''Now, gentlemen, as twelve common, everyday men, what do you suppose that is? Is it lemonade or water? If you think it is, just . . . pass it around among yourselves and try to think what you think it is.''

—and, second, in addressing some of the jurors by name. If there had been any controversy or dispute as to whether the liquid defendant was charged with manufacturing was intoxicating or not, we think it would have been error to give to the jury, during the closing argument, or at all, the container for inspection, or any other purpose. It would have been making of the jury witnesses to, as well as triers of,

the very question involved. This should not be done. *State* v. *Lindgrove,* 1 Kan. App. 51, 41 Pac. 688; *State* v. *Coggins,* 10 Kan. App. 455, 62 Pac. 247. The record does not show what the jury did with the liquor handed to them. If they did more than smell it, we assume the defendant would have seen that the record so showed. There being no dispute as to its intoxicating character, the error in giving to the jury the container, in which the liquid was, was harmless.

It may be doubted whether the prosecuting attorney can with entire propriety assume such a close familiarity with individual jurors in the course of his address as to speak to them by name. We are inclined to think that it is rather overstepping the limits of legal and fair conduct. Defendant cites one case in which the court calls it "indiscretion." *Jordan* v. *People,* 19 Colo. 417, 36 Pac. 218. In that case it was said:

"The nature and scope of argument that will be permitted in a cause is largely within the discretion of the presiding judge. It is the duty of the court to see that the bounds of propriety are not transgressed, but an appellate court will only interfere when a gross abuse of discretion is made to appear." *Manzoli* v. *People* (Colo.), 169 Pac. 144.

Lastly, it is assigned that "the instructions of the court were confusing and misleading." This assignment is so indefinite as not to advise us of anything. It is not in conformity with the rules of the court. Rule XII, subd. 4, Rules of Supreme Court. However, we have examined the instructions, and find in them a fair statement of the law as applied to the facts of the case.

There being no reversible error, the judgment of the lower court is affirmed.

McALISTER and FLANIGAN, JJ., concur.