THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GILLIAN, Appellant.

*Indictment for sending a letter, threatening to expose or impute any deformity or disgrace, in order to extort money — Penal Code, sec. 558 — the threat must be contained in the letter — parol proof is admissible to show that, by the language used, the writer intended to make the threat.*

Upon the trial of the defendant upon an indictment for attempting to extort money by the threat of charging the complainant, a married man, with living an adulterous life with a certain woman, whose name was mentioned in the indictment, it appeared that the defendant wrote and mailed to the complainant three letters in the assumed name of W. N. Wilkins, the first of which contained the following clause: "I am in a tight place just now for the sum of $100 in cash. I cannot raise the money. I have tried every way, so I must ask you to loan me that amount till fall, and then I can pay you back with interest. You will not refuse me this loan. You know that you cannot afford to refuse me. * * * I do not wish to reveal my identity for reasons, perhaps, which you can guess, therefore you may write the following address plainly on your letter: 'W. N. Wilkins, Jun., Lockport, N. Y.' P. S. Neither old John nor any of the family know anything about this. This is straight goods and your money will be returned in the fall with interest." In the third letter he says he is compelled to ask again for the loan of $100 for an indefinite length of time, to be paid as soon as possible.

*Held*, that, although it was necessary, in order to constitute the offense defined in section 558 of the Penal Code, of sending or delivering, with intent to extort or gain money, any letter or writing threatening to expose or impute to any person any deformity or disgrace; that the threat must be made in the letter or writing delivered to the person, yet the threat, as made, need not contain a full description of the offense as charged in the indictment, but it is sufficient if the language used in the writing in connection with what precedes and what follows between the parties imports a threat, to charge the crime alleged, and is so understood by the parties.

That parol proof may be introduced by the people for the purpose of showing that, by the use of the language, figures and phrases employed by the writer, he threatened to make the charge as set forth in the indictment, and that the person to whom it was addressed so understood its meaning.

That, as in this case, the appeal-book contained nothing but the judgment-roll, the court would assume that the parol evidence produced on the trial justified the jury in reaching the conclusion that all the material averments in the indictment were true, and that the threat was to make a charge of the import stated in the indictment, and by such means to extort the sum of money demanded.

APPEAL from a judgment entered in the Niagara county clerk's office, on March 15, 1888, upon a verdict of the Niagara County Court of Sessions, convicting the defendant of the offense of sending threatening letters.

The defendant, upon being arraigned, interposed a demurrer to the indictment on the ground that the facts stated therein did not constitute a crime.   The same was overruled, and the defendant then pleaded not guilty, and after the verdict was rendered he moved the court in arrest of judgment, which was denied, and he was then sentenced to imprisonment for the period of one year and four months.   The defendant wrote and mailed to the complainant three letters in the assumed name of W. N. Wilkins, the first of which is as follows:

"LOCKPORT, *June* 2, 1887.
"Mr. GOULD :

"DEAR SIR.— I am in a tight place just now for the sum of one hundred dollars in cash.   I cannot raise the money.   I have tried every way, so I must ask you to loan me that amount till fall, and then I can pay you back with interest.   You will not refuse me this loan, you know that you cannot afford to refuse me.   When you receive this, drop a line in the P. O. stating when you can get the money.   Next week will do.   Get large bills and place it in a plain white envelope without registering, and it will reach me all safe. I do not wish to reveal my identity for reasons, perhaps, which you can guess, therefore you may write the following address plainly on your letter: 'W. N. Wilkins, Jun., Lockport, N. Y.'   P. S.   Neither old John, nor any of the family knows anything about this; this is straight goods and your money will be returned in the fall with interest.

"Confidential.           (Signed.)      "CONFIDENTIAL."

The other letters were dated, respectively, June fourteenth and October twenty-sixth, in the last of which there is this clause: "Therefore, it is with reluctance that I am compelled to ask you again for the loan of one hundred dollars, for an indefinite length of time, to be paid as soon as possible."   The other portion of these letters do not bear upon the point considered in the opinion.   The indictment charged that in and by the letters he threatened to accuse Gould of having had sexual intercourse with a woman not

his wife, with intent, by means thereof, to extort from him the sum of one hundred dollars.

*Richard Crowley*, for the appellant.

*D. E. Brong*, district attorney, for the People.

BARKER, P. J. :

This indictment is for attempting to extort money, by the threat of charging the complainant, a married man, with living an adulterous life with a certain woman, whose name is mentioned in the indictment. The prosecution is founded on section 558 of the Penal Code, which declares that " a person who, knowing the contents thereof and with intent, by means thereof, to extort or gain any money. * * * sends, delivers or * * * any letter or writing, threatening, 4. To expose or impute to any person any deformity or disgrace, is punishable by imprisonment for not more than five years." The appeal book contains nothing but the judgment-roll, and we are unadvised as to the nature and character of the proofs presented on the trial, and we must assume that the evidence was sufficient to sustain every material averment in the indictment. We are, therefore, on this appeal limited to the examination of the single legal proposition presented by the demurrer and renewed on the motion in arrest of judgment, which is : Do the facts stated in the indictment constitute an indictable offense ?

The learned counsel for the defendant makes the point that it should appear on the face of the letter or writing on which the proposition is founded, that the writer threatened to do one of the four things mentioned in the statute, and the character of the threat should be set out in the indictment; that, in this case, it does not appear on the face of either of the letters that the defendant made the threat, that if the complainant refused to make the loan of money as requested, that he would charge him with having committed adultery with the woman named in the indictment, or with any other person. It must be admitted that if the defendant had it in his mind, when he prepared and mailed the first letter, to make the accusation mentioned in the indictment, it is not clearly disclosed on the face of the letter, and the jury, on a mere perusal of the same, would not be permitted to find that the charge in the

indictment was true. The rule, undoubtedly, is, that a threat of the character mentioned in the statute must be made in the letter or writing delivered to the complainant, and if this is not made to appear to the satisfaction of the jury, the prosecution must fail. But, as we understand the rule, parol proof may be introduced by the people for the purpose of showing that, by the use of the language, figures and phrases employed by the writer, he threatened to make the charge as set forth in the indictment, and that the person to whom it was addressed so understood its meaning. If such is not the rule, much of the wrong and mischief intended to be reached by the statute would escape punishment. A person, by the use of a phrase or word, or by referring to some prior circumstance, well known to both parties, might convey to the mind of the person addressed, the understanding that, if the thing requested or demanded was not done, that the writer would accuse him of some criminal offense or violation of the moral laws of the community where he resided, which would bring him into contempt and disgrace. The gist of the offense is, the attempt to extort money by a malicious threat, to accuse of some crime. The words used do not constitute the offense without the accompanying intent to extort. (*Commonwealth* v. *Moulton*, 108 Mass., 307.) The threat, as made, need not contain a full description of the offense as charged in the indictment; it is sufficient if the language used in the writing, in connection with what preceded and what follows between the parties, imported a threat to charge the crime alleged, and was so understood by the parties. (*Commonwealth* v. *Bacon*, 135 Mass., 501; *Commonwealth* v. *O'Connell*, 12 Allen, 451.) In the case of the *People* v. *Thompson* (97 N. Y., 313), the court, in speaking on this question, said : " No precise words are needed to convey a threat. It may be done by innuendo or suggestion. To ascertain whether a letter conveys a threat, all its language, together with the circumstances under which it was written, and the relations between the parties, may be considered, and if it can be found that the proper and natural effect of the letter is to convey a threat, then the mere form of words is unimportant."

Archbold's Criminal Pleadings (chap. 608), in giving the rule as to the admissibility of parol evidence, to explain the meaning of the written language used, states, where it is doubtful from the let-

ter what charge was intended, parol evidence may be admitted to explain it. (*Rex* v. *Tucker*, 1 Mood. C. C., 134.) The surrounding circumstances may be such that the jury would readily believe that the purport and natural effect of the letter was to convey a threat of the nature and character set out in the indictment.

That the letter was intended to convey a threat of some kind is manifest on the face of it, and the nature and character of the same is evidently disclosed in the postscript. We are to assume that the parole evidence produced on the trial justified the jury in reaching the conclusion that all the material averments in the indictment were true, and that the threat was to make a charge of the import stated in the indictment, and, by means of the same, to extort the sum of money demanded.

The judgment should be affirmed, and the proceedings remitted to the Court of Sessions in and for Niagara county.

BRADLEY and DWIGHT, JJ., concurred; HAIGHT, J., not sitting.

Judgment affirmed, and proceedings remitted to the Court of Sessions of Niagara county to proceed thereon.