## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

January 31, 1919.

## THE PEOPLE v. WILLIAM SHERIDAN.

(186 App. Div. 211.)

(1.) ATTEMPTED EXTORTION*—THREAT BY ELEVATOR INSPECTOR TO STOP RUN-
NING OF ELEVATOR UNLESS PAID CERTAIN SUM OF MONEY—EVIDENCE.

A threat by an elevator inspetcor in a city bureau of buildings, by
means of a complaint, to stop the running of an elevator unless paid a
certain sum of money, constitutes an "unlawful injury to  *  *  *
property," within the meaning of section 851 of the Penal Law, although
the elevator was being operated without a permit.

(2.) SAME—EVIDENCE.

Upon the prosecution of such an elevator inspector for an attempted
extortion, the prosecution was not bound to prove that the elevator was
being run under a regular permit, as this was no element of the offense.

(3.) SAME.

A claim by the defendant that the money received by him was for the
purpose of getting plans drawn, cannot be urged on appeal, especially
since the city charter disables an inspector from conducting the business
of an architect.

APPEAL by the defendant, William Sheridan, from a judg-
ment of the County Court of Kings county rendered against
him on the 1st day of July, 1918, convicting him of the crime
of attempted extortion, with notice of an intention to bring up
for review orders denying his motions for a new trial and in
arrest of judgment.

*Franklin Taylor (James M. Gray, Joseph J. Zeiger* and
*Peter B. Hanson* with him on the brief), for the appellant.

---

* See note, Vol. 29, p. 398.

*Harry G. Anderson* (*Harry E. Lewis, District Attorney,* and *John E. Ruston* with him on the brief), for the respondent.

PER CURIAM:

Defendant has been convicted of attempted extortion, under Penal Law, §§ 850 and 851. The indictment charged that at a specified time and place defendant " attempted to obtain fifty dollars from Jacob Stock, with his consent, by a wrongful use of force and fear, induced by the treat of the defendant to do an unlawful injury to his property, namely, to make a complaint to the Bureau of Buildings, Borough of Brooklyn of the City of New York, concerning an alleged defect in an elevator in the place of business of said Jacob Stock, whereby the said Stock would be unable to operate said elevator."

The Jacob Stock mentioned occupied a two-story building within the district or territory under defendant's inspection as an elevator inspector in the city bureau of buildings. In this building were two elevators, only one of which was in use, which had been put up by a contractor before Stock had moved in. It had been previously inspected by officials from the building, labor and fire departments.

The jury could have found that the defendant entered Stock's place of business, and after telling him that he was an elevator inspector from the building department, said: " I put on your elevator a violation; " that Stock told defendant that this elevator had already been inspected by two inspectors from the building department, who had declared that it was all right; that defendant said: " You give me fifty dollars. I fix them all right with you," and that in view of Stock's plea of poverty defendant promised to wait a couple of weeks or a month for the money. When defendant called on May seventeenth he was put off until the next day. When defendant returned on May eighteenth, he took the fifty dollars and gave Stock a certificate

of inspection which he had signed.    He was then apprehended with the marked bills in his possession.

Defendant's version that this money was to get plans drawn, not having been accepted by the jury, can hardly be urged on this appeal, especially as the Greater New York Charter (Laws of 1910, chap. 466, § 406, as amd. by Laws of 1918, chap. 617) disables an inspector or other employee of the building department from conducting such business of an architect or engineer while in such bureau.

Appellant's chief point on this appeal is one of law — that his offense was not extortion, because, for all that appears, the elevator was being operated without a permit, so that to stop it through a complaint would not amount to " an unlawful injury to * * * property " within Penal Law, § 851.    Or, more broadly, if a violation existed there would be no extorsive threats for an inspector to announce that unless he should be paid money he would report it as subject to a complaint.

This misconceives the sense of the words " unlawful injury to * * * property."    A threat by means of a complaint to stop the running of this elevator would deprive its owner of the use of his property, and such interference has been held to come within this term " unlawful injury to * * * property."    (People ex rel. Short v. Warden of City Prison, 145 App. Div. 861, 863, 26 N. Y. Crim. 285, affd., 206 N. Y. 632.)

The unlawfulness lies in the motive.    If its purpose be unlawful, then the act (which under other conditions might be justified) becomes unlawful.    (People v. Weinseimer, 117 App. Div. 603, affd., 190 N. Y. 537.)    The offense in such criminal prosecutions is in *mala fides* on the part of the official who makes the threats.    Thus where the victim of the extortion was actually practicing dentistry in violation of law, payments to a professed detective raised for the jury the question of how far such payments had been induced by fear, so as to make out this

offense.    (People ex rel. Damato v. Kempner, 163 App. Div. 966.)

The defendant sought to have rulings during the trial and in the charge to the jury that defendant could not be convicted if he merely threatened to do an act which it was his duty to do, or his official right to do, even if he did receive fifty dollars by means of such threat, which the court refused.  He also contended that the prosecution had to prove that the elevator was being run under a regular permit, but, as we have seen, this was no element of the offense, as an actual violator of the Building Code might be the victim of such extortion.

After the counsel had summed up and the court had charged the jury, defendant's counsel asked to reopen the case and to show from the official records that, subsequent to this indictment, a violation had been actually filed.   To this refusal there was an exception, but it manifestly presents no error, since the presence or absence of a permit, or the fact of a violation, would not excuse or justify the proved threat to extort this payment.

The judgment of conviction of the County Court of Kings county is, therefore, affirmed.

JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Kings county affirmed.