State v. Needham.

THE STATE *v*. P. E. NEEDHAM.[*]

(*Knoxville*. September Term, 1922.)

1. **THREATS.** Extortion and duress may be accomplished by throat to charge conditional crime.

Extortion and duress may be accomplished in violation of Thompson's-Shannon's Code, section 6474, penalizing any one maliciously threatening to accuse another of a crime with intent to compel him to do any act against his will, by threatening to accuse one of unlawfully disposing of personal property sold conditionally with the intent to deprive the owner thereof, in violation of section 3670a, though one indicted under such section may escape its penalty by surrendering the property before arraignment, as provided by section 3670a1. (*Post, p.* 53, 54.)

Codes cited and construed: Secs. 3670a, 3670a1, 6474 (T.-S.).

2. **THREATS.** One threatening to prosecute another violates statute, though he does not state precise nature of offense to be charged.

One clearly conveying to another an intention to put him in jail or the penitentiary, or to arrest him with intent to compel him to do an act against his will, violates Thompson's-Shannon's Code, section 6474, penalizing any one maliciously threatening to accuse another of a crime with such intent, though he does not state the precise nature of the alleged offense. (*Post, p.* 54-56.)

Cases cited and approved: Mann v. State, 47 Ohio St., 556; State v. Sekrit, 130 Mo., 401; Commonwealth v. Murphy, 94 Mass., 449; People v. Eichler, 75 Hun, 26.

3. **THREATS.** Guilt or innocence of crime immaterial in prosecution for threatening to accuse another thereof with intent to compel act against his will.

Under Thompson's-Shannon's Code, section 6474, penalizing any one maliciously threatening to accuse another of a crime with intent

---

[*]On the question of the innocence of the person threatened as affecting his rights or remedies in respect to contracts made, or money paid, to prevent or suppress a criminal prosecution see note in 17 A. L. R., 325.

State v. Needham.

to compel him to do any act against his will, it is immaterial whether he is guilty or innocent of such crime. (*Post, p.* 56.)

Cases cited and approved: People v. Choynski, 95 Cal., 640; Kersler v. State, 50 Ind., 229; State v. Debolt, 104 Iowa, 105; Elliott v. State, 36 Ohio St., 318.

FROM KNOX.

Appeal from the Criminal Court of Knox County.—HON. T. A. R. NELSON, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

A. C. GRIMM, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an appeal by the State from an order of the trial court quashing an indictment as follows:

"The grand jurors for the State of Tennessee upon their oath present: That P. E. Needham, on the ———— day of August, 1919, in the State and county aforesaid, feloniously, verbally, and maliciously threatened to accuse J. E. Merritt of crimes, to-wit, the crime of unlawfully disposing of personal property sold under a written contract of conditional sale, in that he did unlawfully sell meaning to T. M. Atkins a wagon and a team of horses which had been sold by the defendant to J. E. Merritt, under a written contract of conditional sale, whereby, according to the terms of said contract, the title to said wagon and horses was to remain in defendant until all of the consideration for same was paid; that said consideration was not paid, and said sale was made without the consent of the defendant, and

with the intention of depriving said defendant of said property or its proceeds, so that said defendant could not by due process of law recover possession of said property when so entitled under the terms of said contract of conditional sale; [also that he, said Needham, would put said Merritt in the Knox county jail, meaning that said Merritt had committed a crime punishable by imprisonment in the Knox county jail, the specific name of said crime being unknown to the grand jurors, and after diligent inquiry they are unable to ascertain and give a more perfect description of same; also that he, said Needham, would send said Merritt to the penitentiary, meaning that said Merritt had committed a crime punishable by imprisonment in the penitentiary, the specific name of said crime being unknown to the grand jurors, and after diligent inquiry they are unable to ascertain and give a more perfect description of same; also that he, said Needham, had a warrant for the arrest of said Merritt, meaning that said Merritt had committed a crime for which he was liable to arrest, and that said Needham had a State's warrant for the arrest of said Merritt, whereas in truth and in fact said Needham did not have a warrant for the arrest of Merritt, and said statement was false, the specific name of said pretended crime being unknown to the grand jurors, and after diligent inquiry they are unable to ascertain and find a more perfect description of same;] with the intent to him, the said defendant, then and there, and thereby, to compel the said J. E. Merritt, threatened as aforesaid, to sign a certain paper writing against his will, whereby, and by reason of said aforesaid threats, and from fear that said Needham would carry into execution said threats, the said J. E. Merritt, against his will, was compelled to and did sign said writ-

ing; said paper writing is according to the purport and effect, and in substance, among other things, as follows—that is to say."

The indictment then proceeds to set out the paper writing which is an affidavit containing certain incriminatory and prejudicial statements.

The motion to quash proceeds on the theory: (1) That the indictment did not charge an indictable offense; and (2) that it did not convey a reasonable certainty of meaning.

The indictment is based on section 6474, Thompson's Shannon's Code, as follows:

"If any person, either verbally or by written or by printed communication, maliciously threaten to accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money, property, or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall, on conviction, be punished by imprisonment in the penitentiary not less than two or more than five years."

We think that the court below was in error. The indictment charges a threat to accuse another of a specific crime described in section 3670a, Thompson's-Shannon's Code, as follows:

"If the purchaser of personal property, under a written or printed contract of conditional sale, when the title remains in the seller until that part of the consideration remaining unpaid is paid, shall, without having paid for the same, and without the consent of the seller, sell, give away or otherwise dispose of or conceal such personal property, with the intention of depriving the seller of such property, or of its proceeds so that said seller cannot, by due process

of law, recover possession of said property, when so entitled under the terms of his said contract of conditional sale, said purchaser shall be guilty of a misdemeanor, and, upon conviction shall be confined in the county jail for a period of not more than six months, or shall be fined not more than fifty dollars, or both."

In addition the indictment charges threats to accuse another of a crime, the specific name of which was unknown to the grand jury, with the intent to compel the signing of certain paper writing. We have indicated this portion of the indictment by inclosing it in brackets.

It is urged for the defendant that, since a person indicted under section 3670a, Thompson's-Shannon's Code, may escape its penalty by surrendering the property or paying the debt before arraignment (Thompson's-Shannon's Code 3670a1), a charge of a violation of the first section is not a charge of crime, but only of a conditional crime. This argument is not substantial. Extortion and duress might be as well accomplished by a threat to charge with a so-called conditional crime as by a threat to charge with any other crime.

It is contended that the portion of the indictment which we have included in brackets does not convey reasonable certainty of meaning, because it fails to set out the nature of the crime with which it is alleged defendant threatened to charge the prosecutor.

It has been held in some states, under statutes similar to ours, that the indictment should aver the nature of the crime which the defendant threatened to charge. The defendant cites to this effect *Mann* v. *State,* 47 Ohio St., 556, 26 N. E., 226, 11 L. R. A., 656; *State* v. *Sekrit,* 130 Mo., 401, 32 S. W., 977, and other cases. Similar authorities may be found collected in note, 9 Ann. Cas., 196.

State v. Needham.

While the decisions relied on by the defendant follow the old analogies of the criminal law, we think their tendency is to unduly hinder the enforcement of the legislative will. We are not disposed to adopt such a course.

The purpose of section 6474, Thompson's-Shannon's Code, was to prevent extortion and duress by threats to accuse another of crime or to do injury to the person or property of another. A threat to accuse of crime may be just as effective whether the crime be accurately described or not. Practically all crimes are punishable, and, if a defendant in any way clearly conveys an intention to proceed criminally against another with the intent denounced, we think he brings himself within the statute, although he does not state the precise nature of the offense with which he threatens to accuse.

Discussing an indictment predicated on a statute similar to the one here before us, the Massachusetts court said:

"It is not necessary that an indictment under Gen. St., chapter 160, section 28, should set out with technical accuracy the crime or offense of which the defendant is alleged to have threatened to accuse another person. If such rule were adopted, it would defeat the operation of the statute in many cases which would clearly come within the mischief which it is designed to remedy. The plain intent of the legislature was to prevent the extortion of money or the exercise of duress upon persons to their injury, by threatening to accuse them of some crime or offense. Such threats might often be expressed in very general or vague terms, without indicating the precise nature of the accusation or degree of crime intended to be embraced within the language used, and yet be equally efficacious in compelling the giving of money or the doing of some other act to the

injury or prejudice of the person to whom it was addressed. In such cases it would be manifestly impossible to set out in an indictment with technical accuracy the exact offense of which the defendant had threatened to accuse another person. It could not have been intended that no threat of accusation of crime should be punishable which was not expressed in such words as to convey the idea that some distinct offense or specific charge of crime was embraced within their meaning. No such accuracy or allegation can be required under the statute. A defendant is entitled to a full, formal and substantial description of his offense. This is furnished when the indictment sets out, as in the case at bar, the exact words used by the defendant. If these clearly import a threat of accusation of crime, and they are duly alleged to have been uttered with the unlawful intent to extort money or otherwise to injure another, according to the requirements of the statute, the offense charged on the defendant is fully described, without further allegation or averment." *Commonwealth* v. *Murphy,* 94 Mass. (21 Allen), 449.

The New York supreme court came to a similar conclusion in *People* v. *Eichler,* 75 Hun, 26, 26 N. Y. Supp., 998.

We have considered other objections urged against this indictment, but do not find them well made. Under the weight of authority it is immaterial whether the person against whom the threat is directed is guilty or innocent of the crime of which he is threatened to be accused. *People* v. *Choynski,* 95 Cal., 640, 30 Pac., 791; *Kessler* v. *State,* 50 Ind., 229; *State* v. *Debolt,* 104 Iowa, 105, 73 N. W., 499; *Elliott* v. *State,* 36 Ohio St., 318; *People* v. *Eichler,* supra.

Reversed, and remanded for further proceedings.