(No. 6897. July 7, 1941)

STATE, Respondent, v. J. H. PHILLIPS and DON ROGERS, Appellants.

(115 Pac. (2d) 418)

J. H. Felton, for Appellants.

Bert H. Miller, Attorney General, J. R. Smead, Leo Bresnahan, Robert M. Kerr, Jr., and M. Casady Taylor, Assistant Attorneys General, for respondent.

HOLDEN, J.—In January, 1939, complaining witness E. C. Gertje sold J. H. Phillips a reconditioned Sunbeam automatic light plant for the sum of $95.00, with an alleged unconditional guarantee. Phillips later claimed the plant was materially defective and through his attorney, by letter, sought to enforce the alleged guarantee. September 5, 1940, Phillips and Gertje met in the Curtiss Hardware Store at Kendrick, Idaho. At the time, Phillips, accompanied by his two farm hands, Burtress Rogers and Don Rogers, accosted Gertje in the store. An argument ensued in regard to the alleged guarantee of the light plant. Finally Gertje gave Phillips a check for the sum of $42.50, claiming the check was given because of fear induced by threats to "smash his face, burn him out and make every day of his life miserable." October 23, 1940, an information was filed against Phillips and the Rogers charging them with the crime of extortion. Burtress Rogers was not apprehended. The case against Don Rogers and Phillips was tried December 6, 1940. They were convicted and appeal.

Three questions are presented on this appeal: First, did the trial court err "in refusing defendants' offers of proof to show that the light plant was purchased from Mr. Gertje by Mr. Phillips, that it was unconditionally guaranteed by Mr. Gertje, and that by reason of such guarantee the amount obtained by Mr. Phillips from Mr. Gertje was in truth and in fact due, owing, and properly obtained."

Second, did the trial court err in instructing the jury (Instruction No. 3) that

"In every crime or public offense there must exist a

union or joint operation of act and intent or criminal negligence. The element of criminal negligence referred to in this statute has no bearing whatever in this case, but before you can find these defendants guilty as charged in the Informations, you must find that the defendants, or one of them, on or about the 5th day of September, 1940, in Latah County, Idaho, wilfully and knowingly induced E. C. Gertje, through fear, to sign and deliver the instrument alleged in the Information and that said defendants, or either of them, did so with the intent to accomplish the act alleged in the Information."

Thirdly, did the court err in instructing the jury (Instruction No. 5)

"that the question of whether the light plant referred to was in good or bad working order and whether or not the said Gertje had guaranteed the same would be in good working order are not material in this case. You have a right to take into consideration whether or not the defendants, or either of them, honestly believed that the defendant Phillips was entitled to a refund from the said Gertje, and you further should consider the question of whether or not a settlement of that claim was made as claimed by the defendants without any threats of violence, and if you so find, you should find the defendants not guilty.

"I instruct you, on the other hand, that it is no defense to a charge of extortion that the party practicing extortion actually has money due from the other party where there is violence used in compelling a payment, or threats of violence, that would cause a reasonably intelligent person to pay that money to escape such violence."

These questions will be discussed in the order above-stated. Section 17-3801, I. C. A., defines extortion as follows:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful force or fear or under color of official right."

Section 17-3802, I. C. A., provides, inter alia:

"Fear, such as will constitute extortion, may be induced by a threat, either:

1. To do an unlawful injury to the person or property of the individual threatened. . . .

2. ....

3. ....

4. ...;"

Whether proof of an unconditional guarantee of a light plant; that it was, in fact, defective, and that Gertje therefore was justly indebted to Phillips in the sum of $42.50 (the amount of the check), was admissible, depends upon the construction of Sections 17-3801 and 17-3802, supra. Our statute and California's statute (Sections 518 and 519, Penal Code) are the same. In construing the California statute the Supreme Court of that state, in *People v. Beggs*, 172 P. 152, where this identical question was presented, said:

"It is the means employed which the law denounces, and, though the purpose may be to collect a just indebtedness arising from and created by the criminal act for which the threat is to prosecute the wrongdoer, it is nevertheless within the statutory inhibition. The law does not contemplate the use of criminal process as a means of collecting a debt. To invoke such process for the purpose named is, as held by all authorities, contrary to public policy. Hence good faith, or the fact that the end accomplished by such means is rightful, cannot avail one as a defense in such prosecution, *any more than such facts would constitute a defense where one compels payment of a just debt by the threat to do an unlawful injury to the person of his debtor."*

Continuing:

"Our interpretation of the statute finds full support in the able and exhaustive opinion of the Supreme Court of South Dakota in a case entitled *In re Sherin*, 27 S. D. 232, 130 N. W. 761, 40 L. R. A. (N. S.) 801, Ann. Cas. 1913D, 446, where the court, having under consideration code provisions identical with sections 518, 519, and 523 of our Penal Code, said: *'The word 'wrongful,' as used in the statute, has no reference whatever to the question of the justness of the ultimate result sought but relates solely to the methods used to obtain such results.'* "

"In *State v. Bruce*, 24 Me. 71, it is said: 'A person whose property has been stolen cannot claim the right to punish

the thief himself without process of law, and to make him compensate him for the loss of his property by maliciously threatening to accuse him of the offense.'

"In the case of *People v. Eichler*, 75 Hun. 26, 26 N. Y. Supp. 998, it is said: 'The moral turpitude of threatening, for the purpose of obtaining money, to accuse a guilty person of the crime which he has committed, is as great as it is to threaten, for a like purpose, an innocent person of having committed a crime. The intent is the same in both cases—to acquire money without legal right by threatening a criminal prosecution.'" (Italics ours).

As pointed out by the court in *People v. Beggs*, supra, "it is the means employed which the law denounces." Hence, it is as much a violation of the statute to obtain the property of another by threats to injure him and to destroy his property, as in the case at bar, as it is to obtain the property of another by threats to prosecute him. To the same effect: *Wilbur v. Blanchard*, 22 Idaho 517, 126 P. 1069. It follows the trial court properly denied appellants' offer of proof.

Appellants contend the court erred in giving instruction No. 3 for the reason that "the jury was instructed that the crime of extortion existed whether or not the thing obtained rightfully belonged to the one obtaining it," and that "the court erred in giving Instruction No. 5, for the reason that such instruction does not correctly define the crime of extortion, and incorrectly instructs the jury that such crime exists even though the money or property obtained by the defendant rightfully belonged to him."

It being the means employed which the law denounces, the trial court correctly instructed the jury "whether the light plant referred to was in good or bad working order and whether or not the said Gertje had guaranteed the same would be in good working order are not material in this case." Moreover, whether the light plant was defective, and whether on that account Gertje was justly indebted to Phillips in the amount of the check, had not been ascertained or determined—it was an unliquidated claim. Therefore, we do not here have a case

where the threats were to obtain the payment of a claim or debt admittedly just, due and owing from Gertje to Phillips. Hence, the contention that appellants "were only seeking the return to them of moneys wrongfully taken by the complaining witness" (Gertje) is without merit.

And finally, as to the good faith of appellants in making the threats and obtaining the check, the court instructed the jury that: "In every crime or public offense there must exist a union or joint operation of act and intent," and that "you have a right to take into consideration whether or not the defendants, or either of them, honestly believed that the defendant Phillips was entitled to a refund from the said Gertje, and you further should consider the question of whether or not a settlement of that claim was made as claimed by the defendants without any threats of violence, and if you so find, you should find the defendants not guilty," thus submitting to the jury the good faith of the appellants in making threats by means of which the check was obtained.

The judgment must be affirmed and it is so ordered.

BUDGE, C.J., GIVENS and AILSHIE, JJ., and REED, D.J., concur.

MORGAN, J., deeming himself disqualified, did not sit at the hearing nor participate in the decision.