## TERRITORY OF HAWAII *v.* ROBERT SAI YOUNG PARK.

### NO. 2810.

ARGUED JUNE 20, 1952.          DECIDED JANUARY 29, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Plaintiff in error was indicted and convicted of the crime of extortion in the second degree.

The evidence at trial established that Park and one Richard Halm called at the home of Mrs. Soon Up Kim at Wahiawa. After relating to Mrs. Kim that he had met her some twenty years ago at the home of his brother, Halm summoned Park and introduced him as being engaged in the grocery trade. Mrs. Kim's daughter was present and overheard portions of the conversation relating to the grocery business, as well as Park's representations of his attempts to locate a grocery warehouse in the vicinity of Mrs. Kim's home. She so testified.

Park and Halm returned the following evening and continued discussion of the proposed warehouse. Several days later they again called on Mrs. Kim ostensibly to take her to dinner with a group of unidentified women. On arriving in Honolulu, Park left the car in the vicinity of Roosevelt High School purportedly to summon the others, but returned shortly stating that they were unable to accompany them.

Thereupon they jointly proposed that Mrs. Kim contribute $10,000 as an investment in their grocery business. Mrs. Kim stated that she had no funds in that amount and requested that they drive her home. Park and Halm thereupon advised her that they knew she and her daughter possessed such an amount, and proceeded up Nuuanu valley to the vicinity of the Pali. There they commenced pressing their demands that she invest. She steadfastly refused. Following direct threats and innuendo of grave consequences if she refused, and "that it would be bad for her if she did not produce the money," she consented to contribute $8,500. At this point, presumedly acquiescing in her repeated demands that they drive her to her home,

she was taken to the Kaimuki graveyard, where, after repeated protests of the delay in returning to Wahiawa, they agreed to leave on condition that she not disclose the events of the evening. Again refusing her demands to return to Wahiawa, Park and Halm drove to a nightclub where, before entering, they cautioned: "We reminding you not to tell anyone. * * * If you do, you are in danger." Mrs. Kim became ill at the nightclub. "I looked around for the door to come out. I came out from the lavatory and I looked around—try to escape by the door—all were closed." She was then taken home.

The following morning Park and Halm returned to the Kim home. Mrs. Kim borrowed $2,000 from her daughter and departed for the bank to withdraw $6,500 from her savings account. Park and Halm followed her in a car, observed her making the withdrawal, drove her home, and then to Honolulu. En route, Mrs. Kim turned over the $8,500 to Park. After driving about the city, in the Moiliili district, a stranger, not identified at trial, stopped their car and inquired why they had not stopped at a traffic sign. Park suggested to Mrs. Kim: "If you don't want to stand witness, you could run away." Halm at the same time opened the car door. Mrs. Kim testified: "Park pushed me—and Halm * * * dragged me out" onto the pavement. Park fled from the scene and Halm transferred Mrs. Kim to an unidentified car which drove her to Honolulu where she engaged a taxi to Wahiawa. The taxi driver testified that on arrival he assisted her into the house. Later that evening Mrs. Kim's daughter discovered her on the kitchen floor in a "dopey" condition and with finger marks on her thigh. Several days later Mrs. Kim reported the incident to the police. Approximately fifteen months later Park was arrested as he was about to depart from the Territory by airplane. He admitted two other trips to the mainland between the time of securing the

money from Mrs. Kim and his arrest. No part of the $8,500 was recovered.

The cause is before this court on writ of error. The errors assigned are directed primarily at various instructions.

Plaintiff in error contends that the trial court erred in giving Territory's instructions numbers 2, 3, and 6, inasmuch as there was no evidence at trial upon which those instructions could operate. It is specifically urged that there was no showing of duress, menace or threats on the part of or acquiesced in by Park in his presence, or at all.

### "TERRITORY'S INSTRUCTION NO. 2

"I further instruct you that extortion is defined in our statutes as follows:

" 'Extortion is the wresting of anything of value from another by duress, menaces, or by undue exercise of power.'

"In this connection, I instruct you that 'duress' means coercion of another, causing her to act contrary to her own free will, or to submit to a situation or conditions against her volition.

" 'Menace' is a threat of such a nature as to unsettle the mind of the person on whom it is intended to operate and to take away from his acts the free voluntary action which alone constitutes consent.

" 'Menace' means to express or show an intention to inflict evil or injury; to threaten; to act in a threatening manner."

### "TERRITORY'S INSTRUCTION NO. 3

"The court further instructs you, Gentlemen of the Jury, that if you find from the evidence beyond every reasonable doubt, that the defendant obtained the money in evidence from the complaining witness, Mrs. Kim, with her consent, by the wrongful use of duress, menaces or undue exercise of power and that this unlawful use of

duress, menaces or undue exercise of power was the controlling cause or factor that produced this consent in Mrs. Kim to give up this money to the defendant, then your verdict must be guilty."

## "TERRITORY'S INSTRUCTION NO. 6

"I further instruct you, Gentlemen of the Jury, that it is necessary, in order to constitute the crime of extortion, under our statutes, that a threat be made to the intended victim. This threat may consist of a menace of injury to the person. Any clear language is sufficient, but no precise words are necessary in order to constitute said threat. It may be by innuendo or suggestion, and the circumstances under which the threat is uttered and the relations between the parties may be taken into consideration. It is sufficient though that the threat made must be one as would ordinarily create alarm in the person to whom it is made or uttered."

Error is not asserted concerning the principles of law stated in the three instructions. It is contended that there was: "* * * no evidence upon which Territory's Requested Instructions Nos. 2, 3, and 6 even as modified and given by the court could be predicated."

The transcript construed in the light of the indictment abounds with threats, menace, and duress, both direct and indirect, sufficient in fact to induce and compel Mrs. Kim to consent to the investment described *supra*. While many were indirect by way of suggestion and innuendo, their meaning is unequivocally clear. These veiled statements under normal circumstances would perhaps standing alone be insufficient to constitute the requisite threats, duress, menace, or undue exercise of power required to be shown under the indictment. However, when considered with all of the facts and circumstances surrounding the events of the evening and prior thereto they clearly constituted causal reaction in the mind of Mrs. Kim as the intended

victim of a nefarious scheme to consent to the investment. Whether a single threat, or the cumulative effect of many, produce or tend to produce a reaction which can be reasonably expected in the circumstances determine their effectiveness upon the intended victim. Consequently, the nature and sufficiency of that evidence in the given circumstances is the test. (*Bush* v. *State*, 19 Ariz. 195, 168 Pac. 508; *People* v. *Sheridan*, 186 App. Div. 211, 174 N. Y. S. 327; *State* v. *Blackington*, 111 Me. 229, 88 Atl. 726; *People* v. *Whittemore*, 102 Mich. 519, 61 N. W. 13; *People* v. *Watson*, 307 Mich. 378, 11 N. W. [2d] 926; *People* v. *Percin*, 330 Mich. 94, 47 N. W. [2d] 29; *People* v. *Robinson*, 130 Cal. App. 664, 20 P. [2d] 369.) It is immaterial that the reaction constitutes either a physical or a mental one as the motivating factor causing an intended victim to act, acquiesce, or consent. (*State ex rel Grady* v. *Coleman*, 133 Fla. 400, 183 So. 25; *People* v. *Hagen*, 212 App. Div. 879, 208 N. Y. S. 235; *People* v. *Lamm*, 292 N. Y. 224, 54 N. E. [2d] 374.) The cumulative effect of the coercive acts and behaviour by Park individually, and in concert with Halm, as demonstrated by the evidence recited *supra*, conclusively negatives Mrs. Kim's reaction as being that of a free agent consummating a legitimate business transaction under normal conditions.

The record bears substantial evidence upon which the principles of law and statutory definitions enunciated in instructions numbers 2, 3, and 6 apply with unrestricted savor.

It is contended that the trial court erred in refusing requested instruction number 1 of a directed verdict, in that there was not a scintilla of evidence of guilt of the crime charged as to Park. It is urged, predicated upon chapter 257 of the Revised Laws of Hawaii 1945 (Extortion), that the definition of extortion specifically excludes transactions of the nature established by the evidence.

Extortion is defined as.: "* * * the wresting of anything of value from another by duress, menaces, or by any undue exercise of power." (R. L. H. 1945, § 11270.) The remaining sections of chapter 257 of the Revised Laws of Hawaii 1945 defines almost every conceivable act, conduct, or course of behaviour constituting punishable extortion. Section 11271 defines extortion in the first degree and one type in the second degree. The remaining sections in explicit language define other acts constituting extortion in the second degree. Section 11273 defines the nature of the acts and course of conduct which in our opinion is generously established by the evidence: "* * * Whoever commits extortion by threatening, directly or indirectly, by words, signs or acts * * * to do him or such other any malicious injury, is guilty of extortion in the second degree." Malicious injury is defined as: "Whoever * * * injures or disturbs another in any of his rights or privileges of person or property * * *." (R. L. H. 1945, § 11480.)

The material allegations of the indictment framed under section 11273, *supra,* charge that: "* * * the said Robert Sai Young Park, did wilfully, corruptly and feloniously menace and threaten the said Mrs. Soon Up Kim by unlawfully and feloniously wresting things of value from Mrs. Soon Up Kim * * *."

The act of extortion established by the evidence meets every element required by sections 11270 and 11273 of the Revised Laws of Hawaii 1945, *supra,* and in our opinion plaintiff in error's request for a directed verdict was properly refused. There was substantial evidence upon which the jury could premise its verdict. Construing sections 11270 and 11273, *supra,* in *pari materia,* we have no difficulty in summarizing that evidence as constituting an extortion as defined in section 11270 of the Revised Laws of Hawaii 1945 and its successful accomplishment climaxed

by the threats of malicious injury to the person or property of Mrs. Kim if she refused to acquiesce and consent.

Plaintiff in error contends that he was not arraigned and prosecuted as expediently as required by the provisions of section 10791 of the Revised Laws of Hawaii 1945: "* * * the accused shall be arraigned and prosecuted upon an information or indictment, as soon after the commitment of the offense of which he is accused as may be expedient." The record bears no lack of expediency. While there was a. delay in identification of plaintiff in error by Mrs. Kim prior to his arrest, we do not construe that delay in the circumstances as constituting prejudice to plaintiff in error; nor have any authorities so declaring been brought to the court's attention. In the interim between obtaining the money and his arrest and arraignment, plaintiff in error voluntarily absented himself from the Territory on two occasions. Such voluntary and, in the circumstances, temporally convenient absences from the jurisdiction hardly constitute grounds for seriously asserting prejudice of a nature warranting reversal. This court has recently decided that section 10791 of the Revised Laws of Hawaii 1945 is directory in nature, and consequently, any delay in effecting its provisions premised upon a lack of expedient arraignment and prosecution must be clearly shown to be within the purview of its terms. (*Territory* v. *Rituta*, 39 Haw. 551.) The plaintiff in error has made no such showing.

It is contended that a fatal variance exists between the material allegations of the indictment and the proof adduced by the Territory, particularly in that there was no evidence establishing that the $8,500 was "wrested" from Mrs. Soon Up Kim for plaintiff in error's "sole benefit and profit." The evidence establishes, sufficient of which is set forth *supra,* that plaintiff in error and Halm acted in concert; that Park maintained an active and leading role

in the scheme; that the money was turned over to Park for a fictitious grocery venture, and that Park later fled with the money after Mrs. Kim was pushed out of the car. Park being the sole defendant below, the jury was concerned solely with the issue of whether Park's acts and doings were within the framework of the indictment. They so found, and this finding, being predicated upon more than a scintilla of evidence, will not be disturbed. (*Rep. Haw. v. Yamane*, 12 Haw. 189; *Territory* v. *Chung Nung*, 21 Haw. 214; *Ter.* v. *Lam Bo*, 23 Haw. 718; *Territory* v. *Ebarra, et als.*, 39 Haw. 488.) The application of "wrested" monies by a fleecer from his victim is not an element of the crime of extortion. (*People* v. *Percin*, 330 Mich. 94, 47 N. W. [2d] 29; *State* v. *Phillips*, 62 Idaho 656, 115 P. [2d] 418; *Burleson* v. *State*, 131 Tex. Cr. R. 76, 96 S. W. [2d] 785.)

Plaintiff in error contends that the trial court erred in refusing defendant's requested instruction number 13:

"I instruct you, gentlemen of the jury, that you cannot convict the defendant unless the government has established the truth of each and every material allegation of the indictment to your satisfaction and beyond all reasonable doubt. The material allegations of the indictment are:

"1. That Robert Sai Young Park

"2. at the City and County of Honolulu, Territory of Hawaii,

"3. wilfully, corruptly, and feloniously

"4. by duress, menaces, and undue exercise of power,

"5. did obtain, wrest, and extort from Mrs. Soon Up Kim

"6. the sum of $8,500.00

"7. for the sole benefit and profit of said Robert Sai Young Park.

"If the prosecution has failed to prove any one or more of

the aforelisted material allegations of the indictment beyond all reasonable doubt, you must find the defendant not guilty."

Upon the subject of proof and the material allegations of the indictment the jury was instructed:

"I instruct you, gentlemen of the jury, that you cannot convict the defendant unless the government has established the truth of each and every material allegation of the indictment to your satisfaction and beyond all reasonable doubt. The material allegations of the indictment are:

"1. That Robert Sai Young Park at the City and County of Honolulu, Territory of Hawaii, wilfully, corruptly, feloniously by duress, menaces, and undue exercise of power, did obtain, wrest, and extort from Mrs. Soon Up Kim the sum of $8,500 for the benefit and profit of said Robert Sai Young Park.

"If the prosecution has failed to prove any one or more of the aforelisted material allegations of the indictment beyond all reasonable doubt, you must find the defendant not guilty." (Defendant's instruction number 13 as modified.)

The instruction adequately states and embraces all of the principles of law requested in defendant's instruction number 13. (*People* v. *Percin,* 330 Mich. 94, 47 N. W. [2d] 29; *State* v. *Phillips,* 62 Idaho 656, 115 P. [2d] 418; *Burleson* v. *State,* 131 Tex. Cr. R. 76, 96 S. W. [2d] 785.)

Plaintiff in error contends that the trial court erred in refusing defendant's requested instruction number 5:

"You are instructed that in considering this case you are bound to act upon the presumption that the defendant is innocent, and you should endeavor, if possible to reconcile all the circumstances of the case with that of innocence."

The principle of law requested in the instruction refused was fully and adequately covered in Territory's instruction number 8 reading in part:

"I further instruct you that the burden of proof is upon the Territory and the law, independent of the evidence, presumes the defendant to be innocent, and this presumption continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt. This burden never shifts from the Territory to the defendant * * *."

The assignment is without merit.

It is also contended that the trial court erred in refusing defendant's requested instruction number 12:

"I instruct you, gentlemen of the jury, that unless the evidence satisfies you beyond every reasonable doubt that the money paid over by Mrs. Soon Up Kim was for the sole benefit of Robert Sai Young Park, the defendant in this case, your verdict must be not guilty.

"So, too, if you have a reasonable doubt that the said money was procured for the sole benefit of Richard Halm, or for the benefit of both Richard Halm and the defendant Park, or any other person, your verdict must be not guilty."

The requested instruction was adequately covered in defendant's instruction number 13, quoted *supra*. The assignment is without merit.

The remaining assignments of error have been considered. They are without merit.

Judgment affirmed.

*O. P. Soares* (also on the briefs) for plaintiff in error.

*G. F. St. Sure,* Assistant Public Prosecutor (also on the brief), for defendant in error.