STATE *vs.* ELKTON ADAMS and CARMINE BELASCIO.

1.  THREATS—"EXTORT"—EXACTION.
      The word "extort," in *Rev. Code* 1915, § 4804, means to take from unlawfully; to exact something wrongfully from a party by threats or putting in fear.

2. THREATS—EXTORTION—DEFENSES—TRUTH OF CHARGE.

It is no defense to an accusation of extortion that the charges threatened by the defendant, and by which he obtained money or other valuable property, were true.

3. CRIMINAL LAW—PROOF.

The state must prove the ingredients of the crime charged, and must prove the guilt of accused beyond a reasonable doubt.

(*March 7, 1919.*)

CONRAD, J., sitting.

*Percy Warren Green*, Deputy Attorney-General, for State.

*Philip L. Garrett* for Adams; *James Saulsbury* for Belascio.

Court of General Sessions, New Castle County, March Term, 1919.

INDICTMENT No. 20, March Term, 1919.

Elkton Adams and Carmine Belascio were jointly indicted for the extortion of twenty-five dollars from one Robert L. Lockerman. Verdict guilty.

It was proved by the state that L., induced by certain advertisements by Adams, viz. "Spot cash paid for your Liberty Bonds or Payment Cards," * * * presented a Liberty Bond card to Adams, who, as a real estate agent occupied offices in Wilmington with Belascio, a licensed private detective, stating that he wished to sell the card. It belonged to L.'s sister, on which there had been paid twenty-two dollars. Adams paid L. twelve dollars for the card, after requesting him to sign his sister's name on it.

Adams and Belascio a few days thereafter went to the home of L. and (Belascio showing his badge) told L. and his mother that he had committed forgery and that meant five or ten years in jail. Belascio then suggested that L. go with him and Adams to a lawyer and settle the matter. L. replied that they could settle between themselves.

Adams then demanded the return of the twelve dollars, paid and twenty-five dollars for the services of Belascio, to save L. from arrest, which amounts L. paid to them; they refusing to receipt for the money, and warning L. that "it will be best to

Charge.

keep this matter to yourself, and not say anything to anybody about it."

The defense was that Adams, upon presenting the card purchased from L. at the Allied Bank, in Wilmington, was informed that a duplicate card had previously been issued and that the one held by him was void; that Adams, accompanied by Belascio, went to L.'s home, and requested the return of the twelve dollars paid for the card and payment of twenty-five dollars to Belascio for his services in apprehending L., who it was claimed was responsible for the necessity of Belascio's services.

CONRAD, J., charged the jury in part:

In this case, Elkton Adams and Carmine Belascio, are charged with an offense commonly called extortion.

[1] The word "extort" means to take from unlawfully—to exact something wrongfully from a party by threats, or putting in fear.

The statute covering this offense reads:

"Whoever, with intent thereby to extort or wrongfully gain any money or other property, shall make or cause to be made to any other person any oral statement or communication, threatening" to accuse any person of a crime "shall be deemed guilty of a misdemeanor." *Rev. Code* 1915, § 4804.

One definition of extortion is:

"The obtaining of property from another with his consent, induced by a wrongful use of force, or fear, or under color of official right."

Another definition is:

"The taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction."

[2] It is no defense to an accusation of extortion that the charges threatened by the defendant, and by which he obtained money or other valuable property, were true. Whether the prosecuting witness was or was not guilty of forgery is not for you to determine. The question here is whether either or both of these defendants wrongfully extorted or exacted from the prosecuting witness any money by threatening him with prosecution for a crime.

I am asked to charge that forgery is a felony, which is true. The distinction between felonies and misdemeanors is regulated by statute, but this fact is unimportant in this case.

[3]   In all criminal cases, it is the duty of the state to prove the ingredients of the crime charged.   The duty is upon the state in this case to prove to your satisfaction, beyond a reasonable doubt, the guilt of these two men.

Verdict guilty.
In imposing sentence upon Belascio, his license as a private detective was revoked by the court.