State v. McDonald, 192 Wis. 612.

---

THE STATE, Plaintiff, vs. McDONALD, Defendant.

*March 12—April 5, 1927.*

*Extortion: By means of threats of prosecution for forgery: Information: Sufficiency.*

1. An information in a prosecution for extortion under sec. 340.45, Stats., which alleged that defendant had threatened to accuse the complaining witness of forgery, with the intent thereby to extort money from him, is sufficient although it did not state the circumstances under which, or when or where, or the means by which the forgery was supposed to have been committed.   p. 618.

2. In order to convict of the crime of extortion by means of threats of prosecution for forgery, it is not necessary that the person threatened be in fact guilty.   p. 618.

REPORTED from the circuit court for Buffalo county: GEORGE THOMPSON, Circuit Judge.   *Questions answered Yes.*

The circuit court for Buffalo county makes the following certificate and report:

"The defendant having been found guilty by a jury in the circuit court of Buffalo county, Wisconsin, on a charge of extortion, and, in my opinion, there having arisen a question of law so important and so doubtful as to require the opinion of the supreme court, with the consent of the defendant I hereby report the case so far as may be necessary to present the question. The following information was filed:

" 'I, G. L. Broadfoot, district attorney for said county, hereby inform the court that on the 10th day of February, in the year 1926, at said county, *Murray McDonald* did verbally, unlawfully, and feloniously threaten to accuse one Vernon Mohnk of the crime of forgery, with the intent thereby to extort money from said Vernon Mohnk, against the peace and dignity of the state of Wisconsin.'

"The defendant demurred to the information on the ground that it did not state facts sufficient to charge and did not charge the defendant with the commission of any crime, and moved to quash the information. The motion was granted.

"Upon motion of the district attorney, and over the objection of the defendant, the court permitted an amendment of the information by the insertion of the word 'maliciously' following the word 'feloniously' and preceding the word 'threaten.'

"The defendant demurred to the amended information on the ground that it did not state facts sufficient to charge and did not charge the defendant with the commission of any crime and moved to quash the information. The demurrer was overruled and the motion to quash the information was denied.

"The defendant then moved that the information be made more definite and certain by the filing of a bill of particulars. The motion was granted.

"The following bill of particulars (omitting the formal parts) was then filed:

" 'The defendant, it is claimed, stated to one Vernon Mohnk at the time and place alleged in the information that said Mohnk had opened a letter addressed to defendant's wife, taken therefrom a check for $20 payable to defendant,

forged and cashed said check; and that if said Mohnk would not pay to defendant the sum of $120, he, the defendant, would accuse said Mohnk of the crime of forgery, and would have said Mohnk arrested for the crime of forgery.'

"The defendant again demurred to the information and renewed his motion to quash the information. The demurrer was overruled and the motion to quash was denied.

"The defendant then demurred to the bill of particulars and moved to strike the bill of particulars on the ground that it did not state facts sufficient to charge and did not charge the defendant with the commission of any crime. The motion was denied and the demurrer was overruled.

"The defendant pleaded not guilty to the amended information.

"The defendant was found guilty by a jury of the offense charged in the amended information.

"I therefore report to the supreme court of the state of Wisconsin, under and by virtue of the provisions of section 358.08 of the Wisconsin Statutes, the following questions:

" '1. Does the amended information charge the defendant with the commission of a crime under section 340.45 of the Wisconsin Statutes?

" '2. Can the defendant be legally sentenced upon the above record?' "

For the plaintiff there was a brief by *G. L. Broadfoot,* district attorney of Buffalo county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Broadfoot* and *Mr. Messerschmidt.*

For the defendant there was a brief by *Schwartz & Halpern* of Minneapolis, and oral argument by *L. B. Schwartz.*

OWEN, J. Sec. 340.45, Stats., provides:

"Any person who shall, either verbally or by any written or printed communication, maliciously threaten to accuse another of any crime or offense, or to do any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against his will

or omit to do any lawful act, shall be punished by imprisonment in the state prison not more than two years nor less than one year or by fine not exceeding five hundred dollars nor less than one hundred dollars."

The information sets forth "that on the 10th day of February, in the year 1926, at said county, *Murray McDonald* did verbally, unlawfully, and feloniously threaten to accuse one Vernon Mohnk of the crime of forgery, with the intent thereby to extort money from said Vernon Mohnk, against the peace and dignity of the state of Wisconsin." Appellant contends that this information does not advise the defendant of the crime with which he is charged, in that it does not allege "when, where, by what means and under what circumstances the forgery was supposed to have been committed, and the information further fails to allege that defendant threatened to accuse Vernon Mohnk of having forged a document, paper, check, or other instrument with intent to defraud the defendant or any other person." The brief then goes on to say that "Before a person can be guilty or legally accused of the commission of an act which would constitute some form of forgery, he must forge or falsify the instrument involved with the intent of defrauding somebody else, and we maintain that in this case the information failing to aver and allege that the defendant threatened to accuse Mohnk of having falsified or forged some instrument, naming it, at or about a certain time, setting forth the time, with intent to defraud some person, naming him, and setting forth the other circumstances under which the supposed forgery was committed, renders the information fatally defective."

In other words, as we interpret the position of defendant, he is not guilty of blackmailing unless the threat which he is alleged to have made to Mohnk was couched in such language as would have constituted a good information or indictment against Mohnk in a prosecution against him for

the crime of forgery.   Upon the oral argument counsel for defendant maintained that his argument did not go quite so far, but we think it amounts substantially to that, and, strange as it seems to us, counsel cites to our attention numerous cases in many jurisdictions which seem to sustain his contention.   Thus, in *Mann v. State,* 47 Ohio St. 556, 26 N. E. 226, 11 L. R. A. 656, the defendant was prosecuted for having threatened to accuse William Brigham and his wife with having committed the crime, punishable by law, of administering poison, to wit, Paris green, to, and killing, two colts, the property and domestic animals of the said George W. Mann, said colts being of the value of $175, with intent to extort and gain from the said William Brigham and Almyra Brigham, his wife, certain chattel property, etc. The court held that this did not allege an offense, because the poison might have been administered accidentally or through mistake, and, under the statute, to constitute an offense the poison must have been maliciously administered. And in *Cohen v. State,* 37 Tex. Crim. App. 118, 38 S. W. 1005, the defendant wrote August Levy the following letter :

"Dear Sir : I have ample proof that the two bales of cotton you sold me was water-packed, as the bales were weighed today, and lost 100 pounds with all the cotton in them, and, on opening the bales, find that several buckets of water was put in it, and have full proof to that; and as this is a criminal offense, and unless you come in at once and see to it, will take the matter before the courts, and, in order to save you any cost and trouble, it will be to your interest to come in at once and attend to it."

The court said :

"In this case, if we look to the letter copied, it would indicate that it would support a charge under art. 568, Penal Code, for falsely packing a bale of cotton or selling a falsely packed bale of cotton.   But there is no distinct averment in the indictment that the defendant by said letter threatened to charge said Frank Hagle with that offense.   In our opinion, from the authorities, and in consonance with our

statute on the subject of criminal pleading, the indictment should have stated the distinct offense threatened against the party to whom the letter was sent, and not leave this to be gathered by intendment."

If the principle announced in these and similar cases be taken to be the law, then we remark that one must be well versed in the law in order to commit the offense of which the defendant stands charged, and further, that one well versed in the law may veil his threats in language which will result in the evil which the statute is designed to suppress without incurring the penalties thereof. If this be the law the statute might as well be repealed, because the threat of the layman will not be couched in technical legal definition of the crime of which he threatens to accuse, and one trained in the law will see to it that his threat will not constitute a legal definition of the crime of which he threatens to accuse. We can see no justification for such a technical requirement. The purpose of the statute is well understood. It is to penalize one who seeks to extort money by threatening to accuse another of crime unless such other complies with the demand made upon him. The success of such an undertaking depends upon putting the person from whom the money is demanded in a state of fear. That is accomplished by giving the other to understand that unless he complies with the demand he will be subjected to criminal prosecution and punishment. In order to give rise to this state of fear it is by no means necessary that the threat be couched in language approximating a legal definition of the crime of which accusation is threatened. Forgery is a crime which has a well settled meaning in the law. There is nothing doubtful or ambiguous about a threat to accuse another of the crime of forgery. The person accused will not be placed in a greater state of fear, nor will the accuser promote the success of his reprehensible undertaking, if the threat be couched in language constituting or approximating a legal definition of the crime.

It is conceivable that if the words were ambiguous or of uncertain meaning, innuendoes declaring their purpose and meaning might be proper.    But certainly no such innuendo is necessary to explain the meaning of the word "forgery." A plea of not guilty in the instant case presents a clear-cut issue, the question being whether the defendant uttered the words at the time and place and with the intent and purpose charged in the complaint.    It is said that the information does not sufficiently apprise the defendant of the crime of which he is charged.    Of what more does he need to be apprised?    He is apprised of the words which it is alleged he uttered; he is advised of the time and place when and where such words are charged to have been uttered, and he is advised of the spirit in which and the purpose for which they were uttered.    Neither innuendo nor bill of particulars is necessary to inform the defendant of the issue which he is required to meet nor to enable him to prepare for trial. If he made the threat set forth in the information, it constituted a violation of sec. 340.45, Stats.    It is not necessary to set out the circumstances upon which the defendant proposed to base the threatened prosecution of Mohnk.    In order to constitute a violation of sec. 340.45 it was not necessary that Mohnk was in fact guilty of the crime of forgery.    Whether Mohnk was guilty of forgery is an irrelevant consideration in this case.    Whether the facts and circumstances upon which the defendant based his threat constituted the crime of forgery is also an irrelevant consideration.    The sole question in this case is whether the defendant, at the time and place mentioned, unlawfully, feloniously, and maliciously threatened to accuse Vernon Mohnk of the crime of forgery, with the intent thereby to extort money from said Vernon Mohnk.

This conclusion is supported by *State v. Robinson,* 85 Me. 195, 27 Atl. 95; *Comm. v. Bacon,* 135 Mass. 521; *Comm. v. Murphy,* 12 Allen (Mass.) 449.    It is not out of harmony

with the result reached in *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571, urged upon our attention by counsel for defendant. The question here involved was not present in that case and was not considered by the court. It was merely held that the threat made by the defendant in that case did not constitute "a threat to injure the person accused in his reputation, trade, business, or profession." The question of whether the words used by the defendant constituted a threat to accuse another of crime was not before the court. We see nothing in that case inconsistent with the conclusion here announced.

It follows from what has been said that both questions submitted should be answered in the affirmative.

*By the Court.*—So ordered.