THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
JUSTO ALVIRA; Defendant and Appellant.

No. 13095. Argued June 15, 1948.—Decided July 23, 1948.

*J. Nevares Santiago* for appellant. *Luis Negrón Fernández,
Attorney General,* and *J. Rivera Barreras, Prosecuting At-
torney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Justo Alvira was accused and convicted of extortion and sentenced to a term of from one to five years in the penitentiary at hard labor, without costs. He thereupon took the present appeal, and in his first assignment he urges that the lower court erred "in not sustaining the demurrer, wherein it was alleged that the information did not state facts sufficient to constitute a public offense."

The information, in its pertinent part, alleges that the defendant obtained money from Sabat Fernández, a merchant, "and obtained his consent through fear, said fear being induced by threatening to accuse said merchant of having committed the offense of selling to defendant Justo Alvira staple commodities at prices higher than those stipulated or permitted by law."

Section 456 of the Penal Code of Puerto Rico, 1937 ed., defines the crime of extortion as follows:

"Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right.

"Section 457.—Fear, What Constitutes. Fear, such as will constitute extortion, may be induced by a threat, either:
1. . . . . . .
2. To accuse him, or any relative of his or member of his family, of any crime."

The defendant maintains that the information alleges that he bought from the merchant Fernández staple commodities at excessive prices (*sobreprecio*) ; that, for the purpose of the demurrer, such fact must be accepted as true; that this being true, the money derived from the accusation constituted an indemnity, because the Federal statutes and the Insular Supplies Act authorized him to claim three times the sum paid in excess as indemnity; and that it is necessary to specifically allege in the information, the falsity of the charge which was threatened to be carried out, which was not done in this case.

The defendant-appellant is not correct. The truth or falsity of the charges by virtue of which the money was obtained under threat is not an essential averment of the information. In this connection, in the case of *State* v. *Adams*, 106 Atl. 287, 288, it was said:

"It is no defense to an accusation of extortion that the charges threatened by the defendant, and by which he obtained money or other · valuable property, were true. Whether the prosecuting witness was or was not guilty of forgery is not for you to determine. The question here is whether either or both of these defendants wrongfully extorted or exacted from the prosecuting witness any money by threatening him with prosecution for a crime."

Similarly, the fact that the merchant had sold to the defendant the goods at excessive prices does not constitute a good defense. Independently of that fact, which is not being determined in this cause, there is the other fact for which the information in this case was filed, to wit, that the defendant obtained money from Mr. Hernández by threatening him with prosecution for a crime, which consisted in having sold commodities at excessive prices, and such conduct, in accordance with our Penal Code, constitutes the crime of extortion. See *People* v. *Choynski*, 30 P. 791; *State* v. *Debolt*, 73 N.W. 499; *State* v. *McDonald*, 213 N.W. 295.

Nor is it a good defense that the defendant was entitled to be indemnified by the merchant, if it were true that the latter sold him commodities at excessive prices. The federal and insular laws authorized the claiming of triple damages as indemnity when sales were made at excessive prices. But that was true only in those cases in which the injured person instituted judicial proceedings after it had been satisfactorily proven that the goods had been sold at unlawful prices. Nothing like that occurred in this case. On the contrary, the defendant, under color of a right to indemnity and threatening to institute criminal proceedings against the merchant, took justice into his own hands and

obtained an amount of money much greater than that which he would have received as indemnity. For the reasons stated, we consider that the information states facts sufficient to constitute a public offense.

██ The second assignment is directed to the weighing of the evidence.

The evidence introduced by The People tended to show, in brief, that the defendant, together with Amador Santos, threatened to accuse the merchant Sabat Fernández of having sold commodities to him at excessive prices; that said merchant, due to the conditions existing at that time in which all the merchants were continually prosecuted and imposed severe penalties, agreed, under the fear of being accused and in order not to be involved in a judicial proceeding, to deliver to the defendant the sum of $200, so that the latter should not carry out his threats, and he was willing to pay him up to $500.

The evidence for the defendant merely tended to show that the merchant Hernández had sold him commodities at excessive prices.

The evidence was not even conflicting. The weighing thereof made by the jury is entirely correct and there is nothing to justify our intervention with such findings.

 In the third assignment it is urged that the court erred in admitting in evidence a check signed by Sabat Hernández in favor of Amparo Rodríguez. In accordance with the evidence introduced by The People, the check in question was offered by Hernández to the defendant but the latter did not accept it because he wanted money in cash. Then Hernández borrowed $200 from Amparo Rodríguez and paid her with the check. Said check was admissible as corroboration of the fact that Hernández had borrowed the money and that subsequently he paid it. However, conceding, without holding, that said check was improperly admitted in evidence, its admission did not substantially prejudice the rights of the defendant, since there was additional evidence to the effect

that Hernández gave to the defendant, and the latter received, the amount of $200 so that the defendant should not accuse him. *People* v. *Méndez*, 67 P.R.R. 772. The last assignment lacks merit.

The judgment appealed from will be affirmed.

Mr. Justice De Jesús did not participate herein.