El Pueblo de Puerto Rico, demandante y apelado, *v.* Justo Alvira, acusado y apelante.

Núm. 13095.—*Sometido*: Junio 15, 1948. *Resuelto*: Julio 23, 1948.

238

*J. Nevares Santiago*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Justo Alvira fué acusado y convicto de un delito de extorsión y sentenciado a sufrir de uno a cinco años de presidio con trabajos forzados, sin costas. Estableció este recurso y alega en su primer señalamiento que la corte inferior erró "al no declarar con lugar una excepción perentoria en la que se alegaba que la acusación no aducía hechos suficientes constitutivos de un delito público."

La acusación, en su parte pertinente, dice: que el acusado obtuvo dinero del comerciante Sabat Hernández, "obteniendo su consentimiento mediante el uso del temor, producido éste por amenazas de denunciar a dicho comerciante de haber cometido el delito de vender al acusado Justo Alvira artículos de primera necesidad a precios sobre el estipulado o permitido por la ley."

El Código Penal de Puerto Rico, edición de 1937, define el delito de extorsión, en su artículo 456, de la manera siguiente:

"Constituye extorsión el acto de sacar alguna cosa a otra persona, obteniendo el consentimiento de ésta mediante el abuso de la fuerza o del temor, o pretextando derecho para ello como funcionario público."

"*Artículo 457.*—Temor, qué lo Constituye.—El temor, como medio de extorsión, podrá ser producido por amenaza en cualquiera de las formas siguientes:

"1. . . . ❋ ❋ ❋ ❋ ❋ ❋ ❋

"2. De denunciar a dicho individuo, o algún pariente suyo, de haber cometido un delito."

Sostiene el acusado que en la acusación se alega que él compró del comerciante Hernández, artículos de primera necesidad a sobreprecio; que hay que aceptar para los efectos de la excepción, ese hecho; que siendo ello cierto, el dinero proveniente de esta delación es por concepto de indemnización, porque las leyes federales e insulares de suministros le autorizaban a reclamar el triple de la cantidad pagada en exceso como compensación; y que, es necesario alegar en la acusación, específicamente, la falsedad de la imputación que se amenazaba poner en efecto, lo cual no se hizo en este caso.

No tiene razón el acusado apelante. La verdad o falsedad de los hechos a base de los cuales se obtuvo dinero bajo amenaza no es una alegación esencial de la acusación. A este respecto en el caso de *State* v. *Adams,* 106 Atl. 287, 288, se dijo:

"No constituye una defensa en contra de una acusación de extorsión el que los cargos con que amenazó el acusado, y mediante los cuales obtuvo dinero o alguna otra propiedad de valor, fueran ciertos. Si el testigo acusador era o no era culpable de falsificación no incumbe a ustedes determinarlo. La cuestion aquí es si uno u otro o ambos acusados ilegalmente sacaron o exigieron al acusador algún dinero mediante la amenaza de denunciarle por la comisión de un delito."

De igual manera no constituye una defensa meritoria el hecho de que el comerciante le hubiese vendido artículos a

sobreprecio al acusado. Independientemente de este hecho que no se está dilucidando en esta causa, existe el otro por el cual se presentó la acusación en este caso, a saber, que el acusado obtuvo dinero del señor Hernández amenazándolo de denunciarlo por haber cometido un delito público consistente en haber vendido artículos a sobreprecio, y eso, de acuerdo con nuestro Código Penal, constituye el delito de extorsión. Véanse: *People* v. *Choynski*, 30 P. 791; *State* v. *Debolt*, 73 N.W. 499; *State* v. *McDonald*, 213 N.W. 295.

Tampoco constituye una defensa el hecho de que el acusado tuviera derecho a ser indemnizado por el comerciante, de ser cierto que éste le vendiera artículos a sobreprecio. Las leyes federales e insulares autorizaban a reclamar triple daño como indemnización cuando se hacían ventas a sobreprecio. Pero esto era cierto únicamente en aquellos casos en que el perjudicado procedía judicialmente, después de haberse probado satisfactoriamente que se habían vendido artículos a sobreprecio. Nada de esto ocurrió en este caso. Al contrario, el acusado, so color de tener derecho a indemnización y amenazando con proceder criminalmente contra el comerciante, se hizo justicia por sus propias manos y obtuvo una cantidad de dinero mucho mayor que aquélla que hubiese recibido como indemnización. Por las razones expuestas entendemos que la acusación aduce hechos suficientes constitutivos de delito público.

■ El segundo señalamiento va dirigido a la apreciación de la prueba.

La aportada por El Pueblo tendió a demostrar, en síntesis, que el acusado, en unión de Amador Santos, procedió a amenazar con denunciar al comerciante Sabat Hernández por venderle artículos a sobreprecio; que dicho comerciante, debido a las condiciones existentes en aquella época en que se perseguía continuamente a todos los comerciantes y se les imponía un castigo severo, accedió por temor a ser denunciado y para no verse envuelto en un procedimiento ju-

dicial, a entregarle al acusado la cantidad de $200 para que éste no llevara a cabo sus amenazas, y estaba dispuesto a darle hasta $500.

La prueba del acusado tendió a demostrar únicamente que el comerciante Hernández le había vendido al acusado artículos a sobreprecio.

La prueba ni siquiera fué contradictoria. La apreciación que de ella hizo el jurado es enteramente correcta y nada hay que justifique nuestra intervención a ese respecto.

En el tercer señalamiento se alega que la corte erró al aceptar en evidencia un cheque firmado por Sabat Hernández a favor de Amparo Rodríguez. De acuerdo con la prueba aportada por El Pueblo, el cheque en cuestión le fué ofrecido por Hernández al acusado, pero éste no lo aceptó porque quería el dinero en efectivo. Entonces Hernández le cogió prestado los $200 a Amparo Rodríguez y se los pagó con el cheque. Éste era admisible como corroboración del hecho de que Hernández había tomado el dinero a préstamo y de que lo pagó posteriormente. Empero, aceptando, sin resolverlo, que dicho cheque fuera incorrectamente admitido en evidencia, su admisión no perjudicó sustancialmente los derechos del acusado, puesto que hubo prueba adicional al efecto de que Hernández le dió y el acusado recibió la cantidad de $200 para que no le denunciara. *Pueblo* v. *Méndez*, 67 D.P.R. 824.

El último señalamiento carece de méritos.

*La sentencia será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.